JOSEPH WILLIAMS ET AL., APPELLANTS, V. JOSEPH H. MILES ET AL., APPELLEES.

FILED FEBRUARY 19, 1902. NO. 11,630.

1. **Will:** ORIGINAL JURISDICTION: DISTRICT COURT. The district court has no original jurisdiction to set aside a will, or the probate of the same. *Loosemore v. Smith*, 12 Nebr., 343.

2. ———: ———: COUNTY COURT. County courts of the state, which are by the constitution and laws given exclusive original jurisdiction in all matters of probate settlements of estates of deceased persons, etc., have the power and authority, with respect to the subjects mentioned, to try and determine actions of an equitable character, and grant equitable relief, when proper, to the same extent as a district court regarding other subjects in the exercise of its general equitable jurisdiction.

3. ———: ———: ———: EQUITABLE ACTION. An action, founded on general equitable principles, brought for the purpose of vacating an order admitting a will to probate, and for leave to present and have probated an alleged posterior will, and for other equitable relief, is properly begun in the county court, which has original jurisdiction over the subject-matter.

4. Equitable Action: APPEAL. Action in the case at bar *held* to be equitable in its nature, as contradistinguished from a law action, and therefore appealable, by virtue of the provisions of section 675, Code of Civil Procedure.

APPEAL from the district court for Richardson county. Heard below before THOMPSON, J.

Heard on motion of appellees to dismiss. *Motion overruled.*

*John L. Webster, Jefferson H. Broady* and *Arthur J. Weaver,* for appellants.

*Clarence Gillespie, Edwin Falloon* and *Francis Martin,* contra.

HOLCOMB, J.

This action comes to this court from the district court by appeal, as distinguished from proceedings in error. The appellees have filed a motion to dismiss the appeal for the reasons: First, that said action is not appealable; and, second, that this court has no jurisdiction of the action on appeal. The litigation grows out of a controversy over the devolution of the property of one Stephen B. Miles, deceased. After the death of the decedent, an instrument purporting to be his last will and testament was duly presented for allowance and probate to the county court of Richardson county, and after the usual

proceedings had in such cases, and conformation with the requirements of the Decendents' Act, the will was regularly admitted to probate in the manner required by law.  Some time subsequent thereto, and after the time allowed by law for an appeal from the order of probate to be taken had elapsed, the appellants, as plaintiffs, filed in the county court in which the will had been probated a petition, with the object and for the purpose of having the order probating such will vacated and set aside, and leave given to present for probate an alleged later will executed by the decedent, and for proper orders for the conservation of the estate pending the litigation, and for general equitable relief.  Process was issued and served, the parties appearing in response thereto, and after joinder of issues a trial was had, which resulted in favor of the defendants and appellees, and the action was dismissed.  An appeal was taken to the district court, where after trial, like conclusions were reached as in the county court, and from a judgment adverse to the plaintiffs and appellants, an appeal is prosecuted to this court.

Appellees' counsel now urge that the action is not one that is embraced within the scope and object of section 675 of the Code of Civil Procedure, providing for appeals in actions in equity, and therefore not appealable, and that to obtain a review of the trial had in the district court the appellants could only have removed the cause here by a proceeding in error, in its technical sense, in the manner pointed out by statute for review of trial judgments and orders by error proceedings.

It becomes necessary, then, to inquire whether the case we now have under consideration is an equitable action, within the meaning of section 675 of the Code of Civil Procedure, which says "that in all actions in equity either party may appeal from the judgment or decree rendered or final order made by the district court, to the supreme court of the state," or whether it is a legal proceeding authorized by some one or more statutory provisions, and reviewable only by proceedings in error.

Incidental to the main question, there seems to be involved the proposition whether, under our laws, the county court is invested with the powers, authority and jurisdiction of a court of chancery in relation and pertaining to subjects of litigation with which by the constitution and laws it is given exclusive original jurisdiction, as it is in matters of probate. *Loosemore v. Smith,* 12 Nebr., 343. In the case just cited, it is also held that the district court has no original jurisdiction to set aside a will or the probate of the same. That the county court has exclusive original jurisdiction to try and determine the matters in controversy in the case at bar, we think, must be admitted, and that such is the law we understand there is no controversy. If the action is one which may be properly denominated a legal or statutory proceeding authorized by some enactment of statute law, or is an action at law in the ordinary meaning of the term, then a review of the trial had in the lower court can be obtained only by prosecuting error proceedings from that court, and an appeal will not lie. *Whalen v. Kitchen,* 61 Nebr., 329. If the action begun in the county court is authorized by statute,— if it is founded on a law passed by the legislature, and is not an equitable action, within the meaning of the section quoted,—then it can not be transformed into such action after appeal to the district court. *Whalen v. Kitchen, supra.* If it is a proceeding provided for by general law in the administration of estates by the county court in the exercise of the jurisdiction conferred on it by constitutional and statutory enactments, then it must be regarded as legal, and not equitable, and therefore not appealable to this court from the district court. This leads us directly to the inquiry, has the county court jurisdiction to entertain and determine an action in equity, founded upon general equitable principles, such as is exercised by the district courts, as courts of general jurisdiction, possessing the powers of both common-law and chancery courts? By section 16, article 6, of the constitution, it is decreed that "county courts shall be courts of record, and shall

have original jurisdiction in all matters of probate, settlements of estates of deceased persons, and such other jurisdiction as may be given by general law." The jurisdiction thus given county courts by the constitution is confirmed by general law, and the exercise by that tribunal of all the powers fairly comprehended by the language used is undoubtedly authorized in the fullest and most unrestricted manner. That its powers as to those subjects over which it has exclusive original jurisdiction are plenary, and include the right to grant both legal and equitable remedies, seems to be fully warranted by the language used. It is, to the extent of the subjects mentioned, a court of general jurisdiction, possessing all the authority incident to courts of that grade. In *Wilson v. Coburn*, 35 Nebr., 530, 534, it is said that the constitution does not prohibit the conferring upon the county court of equity jurisdiction, except as to the subjects enumerated in section 16, article 6; and it is there held that the jurisdiction, over the subject-matter therein in litigation, of a court of equity (district court), was concurrent only. Says the author, Judge Post: "While under section 32 of our assignment law [Compiled Statutes, ch. 6] a court of equity would undoubtedly have jurisdiction in a case like this, it is plain to us that such jurisdiction is concurrent only. Nor do we hold that the county court under the constitution is or could be vested with general equity powers. What we hold, and what seems to us clear, upon principle is, that the county court in the exercise of its powers with respect to the personal estate of an insolvent, in the hands of an assignee, may allow whatever relief the parties are entitled to with respect to such property, whether it would, under the former practice, have been denominated legal or equitable." The court in that case quotes approvingly from *Brook v. Chappell*, 34 Wis., 405, where it was held, under statutory and constitutional provisions practically the same as ours, that the county court, as a court of probate, had power to enforce a trust in favor of the proponents of a will, and that the jurisdiction

of courts of equity in such cases is merely concurrent. On the same subject it is stated in *Mattheis v. Fremont, E. & M. V. R. Co.,* 53 Nebr., 681: "It may be conceded that the county court, as a court of record, is invested with equitable powers and jurisdiction in any case before it when by the constitution or the laws of the state that court is invested with jurisdiction of the subject-matter out of which the case or proceeding in hand grows. But neither the · constitution, nor any statute of this state, invests the county courts with general equitable jurisdiction; and if this condemnation proceeding was procured by fraud practiced upon the county judge and the appraisers, the county court is not invested with any equitable jurisdiction to vacate it. If in a suit brought before the county judge sitting as a justice of the peace one party by fraud should obtain a judgment, it certainly would not be contended that the county court was possessed with equitable jurisdiction to set that judgment aside. The county court, then, had no jurisdiction or authority to grant the relief prayed for in this action, viewing it as purely an equitable action invoking the equity powers of the county court." In the case of *Brook v. Chappell,* cited *supra,* it is said: "It may grant equitable relief or enforce a trust in a case of this nature, the same as a court of equity; and although the jurisdiction of a court of equity still exists, it does not oust that of the county court in a proper case. * * * The plenary powers of the court of probate in all matters within its jurisdiction, have often been recognized by this court, and we do not know that they are or will be seriously questioned by any one. They are spoken of by Judge Redfield in his work on the Law of Wills (Part 11, p. 12), as being universally accepted in all the American states, and the equitable jurisdiction of the court, or its authority to proceed in the administration of justice according to the principles and practice prevailing in the court of chancery, are affirmed in *Jackman Will Case,* 26 Wis., 104, 109, 110, and in *Ketchum v. Walsworth,* 5 Wis., 95, 105." See, also, *Glade v. White,* 42 Nebr., 336; *Appeal of Schaeffner,*

41 Wis., 260, 264; *Broderick Will Case,* 21 Wall. [U. S.], 503.   In matters of litigation of the character we are now considering, as we have heretofore seen (*Loosemore v. Smith, supra*), the district court is without any concurrent jurisdiction over the subject-matter of the action.   Its general equity powers are insufficient to authorize it to entertain original jurisdiction and determine the controversy in the first instance.   The constitution has clothed the county court with exclusive original jurisdiction as to all matters of probate, settlements of estates of deceased persons, etc. To it resort must first be had for the protection of any right or the granting of any relief to which a party may be entitled, growing out of or arising from the subjects mentioned.   In view of the authority and jurisdiction thus conferred on county courts as courts of record having original jurisdiction, can it be seriously doubted that such court is empowered to grant the relief to which a party may be entitled, whether founded upon either legal or equitable grounds, or whether the character of the action is such as properly may be denominated either an action at law or in equity?   By statute the distinction between actions at law and suits in equity, and the forms thereof, are abolished, and in their place there is provided but one form of action, which is denominated a "civil action."   The test is whether a cause of action or a defense is stated, entitling the party pleading to some relief, which under the old forms of pleading may be either legal or equitable; and, if a cause of action or defense is pleaded, the court will award the proper relief without regard to the form of the action.   It would be a novel position—an anomaly in the jurisprudence of the state—to say that the district court is wholly without original jurisdiction of the subject-matter stated in the petition in the case at bar, and that the county court possessed no jurisdiction save which might be exercised and justice administered when authorized by the principles of the common law or express statutory enactment; that the general principles of equity jurisprudence could in no case be invoked by a party concededly en-

59

titled to such relief. This would in many instances close the bars to those with a meritorious cause of action or defense, because not enabled to bring themselves within any legal rule for the conservation of their rights, or the granting of the remedy to which they are entitled. On principle and authority the conclusion, we think, is inevitable that in granting the relief to which a party is entitled, or the protection of his rights when the subject of litigation comes within the jurisdiction of the county court, it may exercise all the powers of a court of general jurisdiction, either legal or equitable, which pertain to the subject over which it is given such jurisdiction. "In order to revoke the probate of a will there must be a direct proceeding, and notice must be given to all parties interested; as, by an original proceeding, either in the court which decreed the original probate, or in a superior court of law, or in a court of equity, as the statute may direct, or by an appeal from the decree establishing the probate. This latter right, however, being founded on statute, must be prosecuted in strict conformity thereto." 21 Am. & Eng. Ency. of Law, 383. In *Larson v. How*, 71 Minn., 250, it is held that the probate court alone has authority to vacate its own orders in admitting wills to probate, and where an order had been improvidently made, the court had the power to vacate it; following *In re Hause*, 32 Minn., 155, 157. And it is said in *Campbell v. Logan*, 2 Brad. (N. Y.), 90: "No other court possesses jurisdiction in respect to the proof of wills of personal estate; and if the surrogate has no authority to open a decree for the purpose of correcting a mistake, or to let in the proof of a revocation, or a later will—if the moment a decree of probate is passed, the door is closed, and the act is irrevocable, notwithstanding the discovery of circumstances showing the probate to be erroneous, then it is evident that justice may be sacrificed to the forms of proceeding. This power has always been exercised in the English ecclesiastical courts." See, also, *Bowen v. Johnson*, 5 R. I., 112; *Wall v. Wall*, 64 Am. Dec. [Miss.], 147; *Hotchkiss v. Ladd's Estate*, 62 Vt., 209, and *Morgan v. Dodge*, 44 N. H., 255.

This action, as begun in the county court, is in all its essential characteristics an action in equity. It is not a proceeding regarding the administration of estates where equity practice has been superseded by positive enactments of law. Were it such, it must follow that it being legal in its nature, that is, if the enforcement of the rights of the respective parties rested on the principles of the common law or statutory enactments, an appeal would not lie, and a review of the trial had in the district court could be secured only by proceedings in error. *Whalen v. Kitchen, supra; Nebraska Loan & Trust Co. v. Lincoln & B. H. R. Co.,* 53 Nebr., 246, and *Nebraska Wesleyan University v. Craig's Estate,* 54 Nebr., 173. The action is not, as we view the pleadings, one authorized by statute, and therefore legal, although equitable principles may be invoked to determine the rights, remedies and duties of the parties litigant, as was stated in the *Whalen-Kitchen Case.* To illustrate, and perhaps draw the distinction clearer, were the plaintiffs successful in securing the vacation of the order admitting to probate the instrument presented and allowed as the last will of the deceased, which disposed of his property in the manner therein set forth, and are permitted to present for probate the alleged posterior will, from that point forward the action must be regarded as legal; and, to obtain a review of the proceedings thereafter had, the case could be removed to this court only by a petition in error, as distinguished from an appeal. But for the purpose of obtaining the relief sought in the present action, it, we think, must be regarded as an original independent suit in equity, for the purpose of obtaining purely equitable relief. It finds no provisions of statute for its foundation. There is nothing in the probate or decedents' act authorizing its commencement and prosecution. If it have support and countenance for its existence, it must be found in the broad and general principles of equity for the administration of justice where the common or statutory law affords no full and adequate remedy. We call to mind no provisions of law on which there is any tenable

ground for argument or contention that the action is sanctioned as a legal proceeding save the general provisions of the Code for the vacation or modification of the judgments and orders of courts after the term at which rendered. Sec. 602 *et seq.,* Code of Civil Procedure. It is provided there that a county court may vacate its own judgments or orders after the term at which rendered, at any time within two years after rendition, for fraud practiced by the successful party in obtaining the judgment or order. It may, perhaps, be urged that the action is, in substance, an application made to the county court for a new trial on the ground of newly-discovered evidence, and therefore legal in its nature. The present action goes further, and is broader than authorized by the provisions quoted. It is true, it alleges fraud on the part of the executor named in the will, and the chief beneficiary thereunder, in suppressing information as to the alleged posterior will which it is contended was executed by the deceased, and which revoked the anterior will. But in its broad sense the petition is based on the allegation that the will probated was not the last act of the deceased in the disposition of his property, and that a later will was duly executed, revoking all prior wills, and that, although the petitioners were diligent and altogether free from laches, they were unable to, and did not, obtain any information of the execution of such alleged posterior will, and the revocation of the one admitted to probate until about the time the action was begun; that the time for appeal had elapsed, and no legal method was afforded them for the protection of their alleged rights, save the one resorted to; that the posterior will revoked the one admitted to probate, was in conflict and inconsistent therewith, and made a disposition of the estate of the decedent, more equitably, among those of his near kindred. The executor named in the probated will, who received the larger portion of the estate under its terms, was alleged to be in possession of and to conceal the later will. He was in possession of the estate, which was a valuable one, under the terms of the will first admitted to

State v. Dickinson.

probate. By the action it was sought not only to secure a revocation of the order admitting that instrument to probate, but also leave to present the alleged posterior will or prove its contents, and for proper and necessary orders concerning the estate pending the litigation, and for general equitable relief. The petition is founded on the general principles of equity jurisprudence, rather than based on statute law for the maintenance of the action, and must therefore, we think, be held to be an action in equity. *Douglas County v. Connell,* 15 Nebr., 617; *Meyers v. Smith,* 59 Nebr., 30. It follows that from a final order or decree therein an appeal will lie to this court, by reason of the section first cited, authorizing appeals in actions in equity. In reaching the conclusion, we have no desire to be understood as expressing any opinion whatever regarding the merits of the action; simply holding that it is an action in equity, and therefore appealable.

The motion to dismiss is overruled.

MOTION OVERRULED.