IN RE ESTATE OF JOHN W. SHIERMAN.
WILLIAM FRANCIS SHIERMAN ET AL., APPELLANTS, V.
NETTIE A. SHEA, APPELLEE.

FILED MAY 31, 1935. No. 29120.

*McNeny & Sprague*, for appellants.

*J. E. Willits, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ., and CHAPPELL, District Judge.

CHAPPELL, District Judge.

John W. Shierman, a widower, and owner of a large estate, shortly before his death executed what is claimed was a will, devising certain specific property absolutely to his sister, Nettie A. Shea, appellee in this court, in which alleged will he gave her unconditional, unlimited and uncontrolled discretion as to the remainder of his property and the income therefrom. The will, by its terms, did not impose or attempt or intend to impose any trust or obligation with reference to this part of the estate in any manner whatsoever. He made suggestions therein that she do certain things with reference to the management and income therefrom for the benefit of his two sons, then but five and six years of age, but she was not required to comply with any of such suggestions or pay any sums thereunder at the instance of any person or legal entity. On

July 27, 1931, this purported will was presented to the county court of Adams county, Nebraska, for probate, and on August 15, 1931, was admitted to probate, and the sister qualified as executrix of the estate without bond, as provided in the will. No guardian or guardian *ad litem* was appointed by the court for the infant sons to protect their interest, and no objections were filed by any one for them to the admission of the will to probate. The only other relative of the minor chldren in that county was their grandmother. Upon learning of the probate of the will and discovery of its contents, the grandmother's husband, R. D. Gaston, appellant in this court, as next friend of the children, during the May to August term of the Adams county court, filed application to vacate the decree probating the will, setting forth therein proposed objections, to wit: (1) That the testator was of unsound mind when the will was executed; (2) that its execution was obtained by improper and undue influence brought upon him by the sister, appellee. Shortly thereafter L. B. Stiner, as attorney for appellee, made an independent investigation of the facts charged in the suggested objections. He made a trip to Denver, Colorado, for this purpose and, while there, consulted witnesses to determine the truth or falsity of the objections. Thereafter on August 28, 1931, after consultations with and upon advice of her counsel that, in his opinion, they could not sustain the will if a contest were had, the appellee and next friend of the children executed an agreement which was prepared by appellee's counsel disposing of and settling the contest of the will for the purpose of protecting the minor children and avoiding further litigation. Appellant took one copy of the agreement and appellee took the other. This agreement, in substance, gave appellee certain valuable properties absolutely, which she would have lost, had objections to the probate of the will been sustained, withdrew objections to and consented that the probate of the will remain in full force and effect, and provided that appellee, upon final administration of the estate, that is, after the administration of the estate

had been completed in the county court, would convey and transfer the rest of the property to a trustee to be administered by such trustee for the use and benefit of the minor sons. This contract further provided that, should anything occur between the date of the contract and final administration to prevent such transfer, then and in that event the agreement itself should operate as a conveyance and transfer of the property.

There is confusion in the record as to whether the motion to set aside the probate of the will and proposed objections thereto were withdrawn or whether the contract executed by them was ever filed in the county court. The next friend, appellant, and L. B. Stiner, then counsel for appellee, testified that this was done, but the county court records do not disclose the fact. We deem it immaterial. The fact is plain that thereafter no hearing was ever had upon the motion and proposed objections in the county court, and the contract between the parties dismissed and withdrew the objections to the instrument and the probate of it. On November 12, 1931, after the term had ended in which the original judgment of probate had been entered, and after appellant had lost the right to set the probate of the will aside during the term, appellee filed in the county court an alleged revocation of the contract and a dismissal of her attorney, L. B. Stiner, for the reasons that it was not her voluntary judgment, agreement or contract, that her signature thereto was obtained by coercion, restraint, misrepresentation, over-persuasion, intimidation, demand, command, undue influence and fraud upon her rights by appellant and her attorney, L. B. Stiner. Appellant, upon learning of this, filed an application in the county court on behalf of the minors, setting forth the contract of settlement and compromise, and asking that the contract be declared binding on all the parties thereto and entered as a judgment of the court for the purpose of division and distribution of the property after administration of the estate was completed, and that appellee be removed as executrix. Upon hearing this application in the county court on

January 7, 1932, the court made no findings as to the contract, but overruled the motion. Appellant appealed to the district court, wherein he filed a like application called a petition, and appellee filed as answer a general denial. After trial upon these issues the district court entered a decree finding that the parties had entered into the agreement as alleged in the petition; that it was intended to be the basis of a settlement and final judgment, but that it was not delivered to or filed in the county court before the appellee undertook to rescind or revoke it; that before making the agreement appellant had filed objections to the probate of the will within the time in which they were entitled to be heard, and to have the original judgment of probate opened up; that appellant was entitled to contest the probate of the alleged will; that, relying upon the agreement, contestants did not proceed further with the contest, and that the claimed revocation of the agreement was not made or made known to the court or contestants until after expiration of the term in which the original judgment of probate had been entered; that the county court should have either received and acted on the agreement or opened up the case and allowed a contest of the will; that the contestants were misled, had not been negligent and should not lose both the benefits of the contract of settlement and the right to contest. The district court then ordered that appellee make an election within ten days in the district court whether she would accept the contract and have judgment thereon according to its terms, or whether the judgment for probate of the will should be vacated and set aside by the district court and the matter stand for trial in the district court on the proposed will; that is, her petition for probate of the same and the objections of contestants thereto. Thereafter appellee filed an election in the district court to stand upon her attempted revocation and consented to a contest of the will in the district court. Motion for new trial having been overruled, appeal is taken by the next friend of the minors.

The only question presented for our determination is

whether the court erred when it failed, to find that the contract of settlement was binding on all the parties thereto and to enter the same as the judgment of the court as to the disposition and division of the estate after administration thereof.

It will be observed that this was not, in the first instance, a hearing as upon the contest of the will. This was originally an application to have the county court approve and enforce a contract of compromise and settlement as a judgment in the distribution and division of the property. The will had already been probated and the term had passed when such matter could ordinarily be opened up because of the conduct of the appellee. The only issue in the county court was the contract. "When an appeal is taken from the county court to the district court the case is to be tried in the appellate court upon the issues that were presented in the court from which the appeal was taken." *Bishop v. Stevens,* 31 Neb. 786. See, also, *Sells v. Haggard & Co.,* 21 Neb. 357; *Fuller & Johnson v. Schroeder,* 20 Neb. 631; *Halbert v. Rosenbalm,* 49 Neb. 498; *Banking House of A. Castetter v. Stewart,* 70 Neb. 815; *Smith v. Spaulding,* 40 Neb. 339; *Carnahan v. Brewster,* 2 Neb. (Unof.) 366; *Bothell v. Miller,* 87 Neb. 835; *In re Estate of Kierstead,* 128 Neb. 654. The district court has no power upon appeal or as an original action to permit an election and hear the contest of a will except on an appeal of such proceedings from the county court. The county court has original exclusive jurisdiction of the probate of wills and the contest thereof in the first instance. Const. art. V, sec. 16; Comp. St. 1929, sec. 27-503; *Brown v. Webster,* 87 Neb. 788; *Williams v. Miles,* 63 Neb. 859; *Reischick v. Rieger,* 68 Neb. 348; *Byron Reed Co. v. Klabunde,* 76 Neb. 801; *State v. O'Connor,* 102 Neb. 187; *Pinn v. Pinn,* 108 Neb. 822; *In re Estate of Kierstead, supra; Genau v. Roderick,* 4 Neb. (Unof.) 436; *Loosemore v. Smith,* 12 Neb. 343; *Andersen v. Andersen,* 69 Neb. 565; *Lydick v. Chaney,* 64 Neb. 288; *Boales v. Ferguson,* 55 Neb. 565; *Fischer v. Sklenar,* 101 Neb. 553.

The county court had jurisdiction in the first instance to hear the application filed by appellant. In *Genau v. Roderick, supra,* this court said: "The district court has no original jurisdiction of a suit in equity for specific performance of a contract entered into by the heirs at law and next of kin of a testator, for the purpose of settling a will contest. * * * The Constitution gives the county court 'original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointment of guardians and the settlement of their accounts.' * * * The statutes provide that its original jurisdiction in these matters shall be exclusive. * * * As to such matters, the county court is a court of general jurisdiction. *Lydick v. Chaney,* 64 Neb. 288. It has full and complete equity powers as to all subjects within its exclusive jurisdiction. *Williams v. Miles,* 63 Neb. 859. Clearly, the district court had no original jurisdiction of the suit as far as it seeks to set aside the order admitting the will to probate. * * * For the same reasons it could not entertain, in the first instance, a suit for specific performance of a contract to administer an estate out of court and divide it in certain proportions among the contracting parties. To carry out this contract, the court would have to settle the estate as a court of probate or by proceedings analogous to suits in equity for administration under the old practice. * * * The whole suit would come within the purview of the statutory and constitutional provisions as to jurisdiction of the county court." See Comp. St. 1929, sec. 30-1302; *Williams v. Miles, supra; Reischick v. Rieger, supra; Genau v. Abbott,* 68 Neb. 117; *Youngson v. Bond,* 69 Neb. 356; *Fischer v. Sklenar, supra; Wilson v. Coburn,* 35 Neb. 530; *Glade v. White,* 42 Neb. 336.

The district court had only the power on the appeal to enforce the contract or to refuse to do so. The court found that it was entered into by the parties as a basis of settlement and final judgment for the distribution and division of the property after administration by the county court. The record is conclusive that the contract is binding and

enforceable. Such contracts are favorites of both law and equity. The parties to the contract are the only persons affected by or interested in the estate. There is no coercion, intimidation, restraint, concealment, duress, fraud, accident, mistake or any other reason urged by appellee in her alleged revocation or appearing in the evidence under the issues presented in the district court or in this court to show that it is not valid and enforceable. Appellee's counsel, L. B. Stiner, acted honorably and in all good faith in the matter, and we find no ground whatsoever for criticism of his professional conduct. Dissatisfaction by her after its execution is all that appellee adduced against the validity of it. That reason makes no appeal to the conscience of this court. See *Grochowski v. Grochowski*, 77 Neb. 506; *Sellers v. Perry*, 191 Mich. 619; *Korte v. O'Neill*, 34 S. Dak. 241; *Brunson v. Henry*, 140 Ind. 455; *Seaman v. Colley*, 178 Mass. 478; *Blount v. Wheeler*, 199 Mass. 330; *Schoonmaker v. Gray*, 208 N. Y. 209; *In re Estate of Kierstead*, *supra;* 12 C. J. 322, 345, 362.

This is not a stipulation made by the parties or agreed to during the progress of the trial, from the consequences of which a court in its discretion might relieve them in order to do justice between the parties. Cases relied upon by appellee are not in point here. This is a solemn contract of settlement fully executed between the parties to avoid litigation and performed in part to the injury of the appellant. Appellee cannot now avail herself of the contention that she is not bound by the contract of settlement because it was executed by the next friend of the children. Her alleged revocation does not give this as a reason for her attempted withdrawal from it; neither was it an issue in the trial court. She admits the execution of it. It was prepared by her attorney and upon his advice. The attorney for appellant had no part in the preparation or execution of it. The filing of an attempted revocation must, of necessity, recognize its existence. It will be deemed filed in the county court when a proper action is brought therein to enforce the provisions of it. The contract is binding

upon her unless the court relieves her from its enforcement. Appellee's attempted revocation of it could be of no force and effect. *Blount v. Wheeler, supra; Schoonmaker v. Gray, supra.* Neither does the fact that a suggested trustee has gone out of existence affect the contract so as to relieve her from the enforcement of it. The court, upon hearing, may use its discretion and appoint any proper and suitable person or corporation to act as such trustee and fulfil its duty to protect the rights and interests of the minors. See 65 C. J. 233, and notes. After the court approved the settlement, which was the purpose of this action, it would be binding upon the minors as well as the appellee for all time and for all purposes.

Appellant had the right and it was his duty to institute proceedings to contest the will. The minor sons were practically disinherited by the will. The conscience of the aunt was the only barrier to this result. We would not detract or question the confidence so placed in her by the testator. The grandfather of the children did question it and instituted proper proceedings in the county court to insure protection for them. This proceeding was for the benefit of the infants. Comp. St. 1929, secs. 20-307, 38-114; 31 C. J. 1126. In *Everson v. Hurn,* 89 Neb. 716, this court said: "Where an infant son has been disinherited by the will of his father, deceased, it is proper for the mother or other near relative to institute proceedings in the interest of the minor to contest such will and to employ counsel therefor." See, also, *In re Estate of Bayer,* 116 Neb. 670; Dame, Probate and Administration (3d ed.) 142, sec. 132. In the case of *Everson v. Hurn, supra,* this court also put its approval upon a compromise settlement made by such next friend for the infants. It would seem logical, inevitable, that the right to so protect the infant as next friend and officer of the court would give the right to settle and compromise the contest if done for the benefit of the infants and with the court's approval or by judgment thereon in a proper action. See Dame, Probate and Administration (3d ed.) 146, secs. 136, 137; *Metzner v.*

*Newman,* 224 Mich. 324; *Matthews v. Doner,* 292 Ill. 592; *Williams v. Williams,* 204 Ill. 44; *Thompson v. Maxwell Land Grant & R. Co.,* 168 U. S. 451; 31 C. J. 1112-1115, 1118, 1142; *Wallace v. Boston Elevated R. Co.,* 194 Mass. 328; *Tripp v. Gifford,* 155 Mass. 108; *Minor v. Cecil,* 188 Ky. 157; *McCreary v. Creighton,* 76 Neb. 179; *Sutphen v. Joslyn,* 93 Neb. 34; *Weddle v. Specht,* 97 Neb. 693.

We conclude that this cause should be reversed, with directions that the trial court enter judgment for appellant as prayed, appoint some suitable, upright and true person or corporation to act as trustee to protect the minors, and certify the same to the county court for further proceedings in accordance with the law and this opinion.

REVERSED.