IN RE ESTATE OF ALONZO L. CLARKE.
MARGARET DALE CLARKE, APPELLANT, V. LIDA CLARKE SEATON, APPELLEE.

FILED JANUARY 7, 1936. No. 29400.

*Carlos W. Goltz, Alfred Pizey* and *Ivan E. Maginn,* for appellant.

*C. J. Baird* and *Barton H. Kuhns, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and MUNDAY, District Judge.

EBERLY, J.

This was originally a proceeding in equity instituted by Arthur H. Jones and Archie D. Marvel, trustees duly appointed to execute trusts created by the will of Alonzo L. Clarke, deceased. They prayed for the interpretation of two paragraphs of his will and for a judicial order directing distribution of his estate.

It appears from the record before us that in this proceeding an issue was joined between Helen Clarke (in behalf of herself and Lida Clarke Seaton) and Margaret Dale Clarke, the adopted daughter of William H. Clarke, deceased, as to the right to receive certain bequests provided in the last will of Alonzo L. Clarke, deceased, for the "heirs at law" of William H. Clarke, deceased. After a trial in the district court, judgment and findings on the issues so joined were entered in favor of Margaret Dale Clarke, and against Helen Clarke and also Lida Clarke Seaton. Upon appeal by Helen Clarke, in which Margaret Dale Clarke appeared by counsel in this tribunal, and after trial de novo in this court, an opinion was adopted determining that Margaret Dale Clarke was not an "heir at law" of William H. Clarke, deceased, as that term was employed in the last will heretofore referred to, and that Margaret Dale Clarke was entitled to take nothing under the provisions of such will. See In re Estate of Clarke, 125 Neb. 625, 251 N. W. 279, for a complete statement of facts and conclusions of this court. Thereupon a judgment was duly entered on the journal of this court, which, in addition to determining the rights of certain parties to such appeal and the duties of the executors under the provisions of the will, continued as follows:

"Upon due consideration whereof, the court finds error apparent in the record of the proceedings and judgment of said district court with respect to that part which determines that Margaret Dale Clarke is an 'heir at law' of William H. Clarke, deceased, within the meaning of paragraphs 22 and 27 of the will, and orders distribution to her on that basis, * * * and that part of said judgment which

determines that Margaret Dale Clarke is an heir at law of William H. Clarke, deceased, within the meaning of paragraphs 22 and 27 of the will and orders distribution to her on that basis, be, and the same hereby is, reversed and the cause is remanded, with directions to enter a judgment in harmony with the opinion of this court this day filed herein," etc.

It is further disclosed by the present record now before us that the action of this court thus had was duly transmitted to the district court for Adams county by the proper mandate of this court, and thereupon judgment was entered by that district court strictly in accord with the opinion, judgment and decree of this court.

It also appears that the present proceeding is an appeal from the judgment so entered pursuant to the mandate of this court, by Margaret Dale Clarke, in which she seeks to renew and retry contentions which were determined by the trial court in favor of Lida Clarke Seaton in this last decree by it so entered. This, Margaret Dale Clarke may not do.

"The proceeding to obtain a decree of distribution is not in the nature of a suit between party and party in which one seeks to recover a right withheld by the other; but is analogous in its character to a proceeding *in rem,* in which a decision between the parties before the court settles the rights of all parties to the property in question." 24 C. J. 508.

The judgment of reversal entered in this court is a complete settlement of the controversy and is binding on the parties to the action. It determined that Margaret Dale Clarke had no right or interest in the subject-matter of the action, and the executors were, in legal effect, directed to make distribution in harmony with this finding. This decision constitutes the law of the case and is controlling on this appeal.

"When this court upon appeal determines the law of the case, the trial court is bound thereby, and its judgment accordingly will not under any ordinary conditions be disturbed upon another appeal." *Home Savings Bank v.*

*Shallenberger,* 100 Neb. 113, 158 N. W. 455. See, also, *Scott v. Scotts Bluff County,* 106 Neb. 355, 183 N. W. 573.

The trial court has followed our decision, and its judgment is, therefore,

AFFIRMED.