IN RE ESTATE OF JOHN W. SHIERMAN.
WILLIAM FRANCIS SHIERMAN, ET AL., APPELLEES, V. NETTIE A. SHEA, APPELLANT.

270 N. W. 841

FILED JANUARY 5, 1937. No. 29836.

*J. E. Willits,* for appellant.

*McNeny & Sprague, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and CHAPPELL, District Judge.

CHAPPELL, District Judge.

The complete history of this case and reversal thereof with directions appears in our former opinion. *In re Estate of Shierman,* 129 Neb. 230, 261 N. W. 155. A motion for rehearing having been overruled, the mandate issued and the trial court entered judgment thereon. Appellee, defendant herein, who is now appellant in this court, filed a motion for new trial which was overruled. Later a motion was filed to set aside the order overruling the motion for new trial and the trial court permitted alleged newly discovered evidence to be adduced in support of the motion. From the overruling of the motion for a new trial and the motion to set aside the order overruling it, an appeal is taken.

Many interesting propositions of law are discussed by appellant's counsel in his brief and argument to this court, but from a careful reading of the record and the former opinion we decide that if the trial court followed the mandate they are all answered.

A study of the alleged newly discovered evidence discloses it is not such; that there has been no change in the circumstances; no new question has presented itself; no cogent reason appears which would require a further hearing or different order or judgment than that required by the mandate to do justice and equity between the parties. *Regouby v. Dawson County Irrigation Co.,* 128 Neb. 531, 259 N. W. 365.

All matters now contended for by this appellant were distinctly presented by the issues and the evidence and we believe justly settled and adjudged in the former opinion. Under the circumstances they will not be relitigated in this court. *Burnham v. Bennison,* 130 Neb. 558, 265 N. W. 531. The rule that the law of the case announced by this court on appeal will control the decision on a subsequent appeal is applicable on the subsequent appeal where the issues and evidence in support thereof are substantially the same. *Vonburg v. Farmers Irrigation District, ante,* p. 12.

"When this court upon appeal determines the law of the case, the trial court is bound thereby, and its judgment accordingly will not under any ordinary conditions be disturbed upon another appeal." *Home Savings Bank v. Shallenberger,* 100 Neb. 113, 158 N. W. 455; *In re Estate of Clarke,* 130 Neb. 121, 264 N. W. 174. A study of the judgment entered convinces us that the trial court correctly interpreted and followed the mandate of this court and the judgment is

AFFIRMED.