NETTIE A. SHEA, APPELLANT, V. WILLIAM FRANCIS SHIERMAN ET AL., APPELLEES.

284 N. W. 340

FILED MARCH 3, 1939. NO. 30477.

*J. E. Willits,* for appellant.

*McNeny & Sprague, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

This action was brought to have plaintiff decreed to be the owner of some shares of capital stock and some real estate. The answer pleaded *res judicata.* The trial court entered judgment for defendants, and plaintiff has appealed.

Plaintiff is a sister of John W. Shierman, deceased, and defendants are his minor children. Shierman's will made plaintiff his sole beneficiary. An order of probate was entered in the county court, but thereafter, within the proper term, application was made, on behalf of the minor children, to set aside the probate and to permit a contest of the will on the ground of mental incapacity and undue influence. Plaintiff then entered into a settlement agreement with the proper representatives of the minor children, by which certain personal and real property was to be transferred and conveyed to them on final settlement of the estate, in consideration of the withdrawal of their application and objections to probate. The probate was thereby permitted to stand. Plaintiff waited until the expiration of the term of court at which this was done, and then attempted to file in the county court a renunciation and revocation of the settlement agreement. Defendants thereupon filed an application to have the contract declared binding on plaintiff and to have it entered as the judgment of the court for purposes of final distribution. On a denial of this application, defendants appealed to the district court where an order was entered giving plaintiff an election to accept the terms of the settlement agreement and permit judgment to be entered thereon, or to have the order of probate vacated and the matter set for trial on the objections of defendants to probate. Plaintiff filed an election to stand upon her revocation of the settlement agreement, and defendants appealed to this court where the settlement agreement was upheld and confirmed, and the judgment of the district court was reversed. *In re Estate of Shierman,* 129 Neb. 230, 261 N. W. 155.

When the mandate was issued, judgment was entered in the district court declaring the settlement agreement binding, quieting defendants' title to the real estate described therein, and directing plaintiff to turn over the personal property covered by the agreement. Plaintiff filed a motion for a new trial, on the hearing of which she sought to claim that some of the property covered by the settlement agree-

ment was not properly part of Shierman's estate, but was her individual property. She attempted to prove, by affidavits in support of the motion, that the deceased had given her deeds to some of the real estate included in the settlement a long time prior to his death, although she had not recorded them until after he died. She attempted to prove further that he had also executed assignments to her of some shares of capital stock. These were still in his lock box at the time of his death, but were contained in an envelope bearing her name. The motion for a new trial was overruled and plaintiff appealed to this court, where the order of the district court was affirmed. *In re Estate of Shierman,* 132 Neb. 45, 270 N. W. 841. In a motion and brief for rehearing filed by plaintiff, it was contended that "the court erred in decreeing title directly to these boys of property the title to which had been transferred by John W. Shierman in his lifetime to Nettie A. Shea, as there was no consideration for same and the county court does not have jurisdiction of such property and cannot determine its title." The motion for rehearing was overruled and mandate duly issued.

Plaintiff then brought this action to have it decreed that the real estate and capital stock in question were her individual property. She alleged that, as to the property involved, "said purported agreement * * * was wholly without any consideration passing to Nettie A. Shea and the same was not intended or made as a gift, and therefore said judgment thereon is not valid and binding on this plaintiff." Whether the property involved had passed from the decedent to plaintiff prior to his death, so that it could have been claimed not to constitute part of his estate, is here immaterial and no longer litigable. The settlement agreement treated it as part of the estate. For purposes of the settlement, it would continue to remain such until the agreement was set aside or reformed.

When plaintiff asserted a right to renounce and revoke the agreement, and defendants asked the court to decree its obligations to be binding and enforceable, plaintiff, in liti-

gating the issue, was required to present to the court every known, material ground in favor of such right of revocation which then existed and on which she intended to rely. If the property involved had been included in the settlement agreement by fraud or mutual mistake, that question was a material consideration in determining whether a right of revocation existed, or whether the agreement should be confirmed and enforced. Plaintiff, as a matter of fact, directly injected the question of her ownership of the stock and real estate at various stages of the proceedings, as has already been pointed out. Whether she is now satisfied with the manner and extent of its injection is unimportant. It was necessarily involved in the proper determination of the issue presented, and the decree confirming the settlement agreement and quieting title to the real estate in defendants and declaring them to be the owners of the capital stock was *res judicata* of the questions now sought to be raised. *Lowe v. Prospect Hill Cemetery Ass'n,* 75 Neb. 85, 106 N. W. 429; *Cromwell v. County of Sac,* 94 U. S. 351, 24 L. Ed. 195.

AFFIRMED.