IN RE ESTATE OF JOHN W. SHIERMAN.
JOHN E. WILLITS ET AL., APPELLEES, V. ESTATE OF JOHN W. SHIERMAN, APPELLANT.
292 N. W. 606

FILED JUNE 7, 1940. No. 30746.

*McNeny & Sprague,* for appellant.

*Walter M. Crow* and *J. E. Willits, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

Nettie A. Shea filed a claim against the estate of John

W. Shierman, deceased, for services and expenses as former executrix, in the sum of $1,032.95, and John E. Willits filed one for services and expenses as her attorney, in the sum of $1,042.41. The administrator *de bonis non c. t. a.* filed objections, principally upon the ground that the claims were excessive. The county court allowed each in full, and, on appeal to the district court, a similar order of allowance was made by that court. The claims were consolidated for hearing in the district court, and they have been similarly consolidated here.

The administrator *de bonis non c. t. a.* contends that the claims are excessive, because they include services and expenses in the litigation known as *In re Estate of Shierman,* 129 Neb. 230, 261 N. W. 155, and *In re Estate of Shierman,* 132 Neb. 45, 270 N. W. 841, which arose out of Nettie A. Shea's attempt to repudiate a settlement agreement which she had made with the testator's children. The will made her the sole beneficiary of her deceased brother's estate. When his children sought to contest the will, on the ground of testamentary incapacity, she entered into a settlement agreement, by which, in consideration of their allowing the will to stand without contest, she was to give them certain property out of the estate when the administration was completed. She subsequently tried to revoke the settlement agreement, whereupon the children asked to have it decreed valid and enforceable, and the litigation referred to resulted.

It is argued on behalf of the estate that the estate had no interest in this litigation; that it could neither lose nor profit therefrom, nor be affected in any way, whether the settlement agreement was canceled or enforced; that the matter was wholly a personal contest between Nettie A. Shea and the testator's children, and that, under the circumstances, the estate could not properly be charged with the costs, attorney's fees, and time spent by Nettie A. Shea in the litigation.

The trial court, in finding against the contention of the estate, and in allowing these items as a proper part of the

claims of the former executrix and her attorney, declared: "I think that this litigation and these matters as they stand with these proceedings should be fairly and justly considered as matters belonging to and incidental and necessary to the management of the estate."

We fail to see, however, how it was of concern to the estate whether the settlement agreement was upheld or rescinded. The amount or value of the property to be administered would be neither increased nor diminished thereby. The litigation did not tend in any way to preserve or otherwise to benefit the estate as such. All it could do would be affect the amount of property which Nettie A. Shea was entitled to retain, after administration of the estate had been completed. Such rights as the testator's children might possess under the settlement agreement were created, not by Nettie A. Shea as executrix, but by Nettie A. Shea in her individual capacity. Under the statute, allowances can be made only for such expenses and services as are necessary in the care, management and settlement of the estate. Comp. St. 1929, sec. 30-1410. Costs, attorney's fees, and time spent by Nettie A. Shea in seeking to upset her personal undertaking, even though the subject-matter of the obligation was property which had belonged to the decedent, were purely personal and would not be chargeable against the estate. *In re Estate of Rhea,* 126 Neb. 571, 253 N. W. 876.

Under the circumstances, the total allowance made to Nettie A. Shea for executrix's fees and expenses will be reduced to the sum of $700. In making this allowance, we have not overlooked the contentions of the administrator *de bonis non c. t. a.* with respect to the executrix's responsibility for delay in closing the estate and her attitude of cooperation, but on these questions we agree with the view of the county court and the district court.

The total allowance made to John E. Willits for services as attorney and expenses will be reduced to the sum of $750. This reduction does not equal the amount of the allowance made by the district court for his services and ex-

penses in the settlement agreement litigation, but there are other items of services shown by the record which we feel at liberty to take into account in disposing of his claim. It appears that, in the general statement of the claim which he filed, he listed some miscellaneous services, such as consultations, etc., for which he did not attempt to fix a specific charge in his subsequent itemization, although he testified fully as to their nature and value on the trial. He was willing to waive compensation for these miscellaneous services, if the charges made by him in the settlement agreement litigation were allowed. His testimony showed that he had agreed with Nettie A. Shea that he would look solely to the estate, and that there would be no personal responsibility on her part, for his compensation in this litigation. He was mistaken in his right thus to charge the estate. In this situation, his waiver of compensation for the miscellaneous services referred to was not intended and should not be held to be operative. Without wasting time on formality, we shall terminate the matter by allowing him $750 for all his services and expenses.

With the above modifications, the judgment of the district court is affirmed.

AFFIRMED AS MODIFIED.