Wheaton H. Schoonmaker, Appellant, *v.* Ernest L. Gray et al., as Executors of Palmer R. Wheaton, Deceased, Respondents.

Probate of will — contest by heir at law — validity of agreement by legatee and proponent of will to accept less than amount given him by the will in consideration that contest of probate be stopped and that estate be settled in a certain county — questions of fact for the jury.

1. There is no rule of public policy which prevents those interested in an estate from agreeing upon the manner of its distribution so as to avoid the expense and trouble of litigation.

2. An agreement by a legatee and proponent of a will for a division of the estate less favorable to him than that provided for by the will is upon sufficient consideration where a contestant agreed to stop a contest, not to bring other actions and to allow the estate to be settled in the county where probate proceedings were then pending.

3. Plaintiff filed objections to a will under which defendant's testator was an executor and a legatee, both being heirs at law and next of kin of the decedent. Negotiations were had for settlement, in the course of which a paper was signed by plaintiff and defendant's testator to the effect that decedent was of unsound mind at the time of the execution of her will, and that the estate should be distributed as if testatrix had died intestate. This was followed by a conversation between plaintiff and defendant's testator in which, plaintiff asserts, a guaranty was made to him of the interest he claimed in the estate. Plaintiff did not appear on the day to which the probate had been adjourned, and the surrogate, refusing to recognize the paper referred to, admitted the will to probate. Plaintiff brings this action to recover for breach of the alleged agreement to guarantee to him his distributive share of the estate in controversy. *Held*, on examination of the facts, that the question

14

whether or not the agreement was made on the assumption by the parties that the surrogate would refuse probate of the will on the writing which had been signed by them, was the issue in the case and it was for the jury to say which inference was justified by the evidence.

*Schoonmaker* v. *Gray*, 148 App. Div. 908, reversed.

(Submitted April 2, 1913; decided April 22, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 12, 1912, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term.

The plaintiff and the defendants' testator were two of the heirs at law and next of kin of Lucena Briggs, deceased, and as such would each have been entitled to one-eighth of her estate if she had died intestate. She, however, left an alleged will under which the plaintiff was to receive nothing and the defendants' testator was to receive substantially one-fourth of the estate after deducting two small legacies of $500 and $300 respectively. The said testator was named as one of the executors and offered the will for probate in Delaware county. The plaintiff interposed objections to the probate in Delaware county on the ground that the decedent was a resident of Albany county at the time of her death, and also alleged that the decedent did not possess testamentary capacity at the time of the execution of the instrument offered for probate, and that its execution was procured by the exercise of undue influence. Thereupon, the defendants' testator undertook to effect a compromise and for that purpose called a family council, at which the plaintiff and all others interested were present except a sister of the decedent and the two legatees who were to receive under the will said sum of $800. It was proposed at that conference not to have the will probated and to distribute the estate as in case of intestacy. The plaintiff said that "it made no difference what arrangement was

made if only he got his share with the rest." The defendants' testator agreed to satisfy the sister who was not present, and two others agreed to pay the legacies of $800 to the two legatees not present. An agreement having been reached, those present went to a notary to have it put in writing. The defendants' testator outlined what they had arranged to do thus: "to distribute the will," evidently meaning the estate, "the same as if she had died intestate, and that the other heirs was (*sic*) to share equally." The notary drew up a writing which recited the death of the alleged testator, the petition for probate of the will, the filing of objections thereto by the plaintiff and concluded thus: "Now it is hereby conceded by the parties interested in the said estate as follows:

"*First.* That at the time of the death of the said Lucena Briggs, she was a resident of the County of Delaware, New York.

"*Second.* That at the time of the execution of the said instrument, the said Lucena Briggs was incompetent to execute the same and was of unsound mind."

All present signed and acknowledged the paper. One of those present asked the notary, "If there wasn't some way that they could guarantee him" (meaning the plaintiff) "his interest so that he would be satisfied to drop the contest," but the notary said that "it couldn't well be put in." Subsequently, and before the family gathering had broken up, the plaintiff expressed his dissatisfaction with the arrangement, because he did not think it was binding, and his intention of going on with the contest, and later the following conversation occurred between the plaintiff and the defendants' testator as related by the witness to whom that expression of dissatisfaction was made.

"Wheaton Schoonmaker says, 'Uncle P. R.' as he called him, 'will it be necessary for me and my lawyer to go to Delhi May the 4th, the adjourned day of the

hearing ? ' Palmer didn't give any answer. Said I, 'Uncle P. R., what Wheaton wanted to know is, will you · guarantee him his mother's share of the Lucena Briggs estate the same as if she had died without a will, if he don't appear in Delhi ?' He says 'I will, if he will stop his lawing, discharge his lawyers, not commence any more actions, not appear at Delhi and let me settle the estate in Delaware county.' Wheaton Schoonmaker says, ' I will do it if you do as you say.' 'I will,' says he, ' I will, and we will shake hands on it.' And he stepped up and they shook hands. Then we started on towards Ravena, and he says, ' I am glad that we have been able to settle this in a way that we can all be friends.' We got on about where the Westerlo road strikes the other at the fork of the road, and Wheaton Schoonmaker says, ' Uncle P. R. how will it be if Esther Showers won't stand for this arrangement ?' He says, ' That won't make any difference, you will get your share. ' "

The plaintiff did not appear on the adjourned day of the probate proceedings. The defendants' testator appeared with the witnesses to the will, and produced the paper signed as aforesaid, which the surrogate refused to recognize. The witnesses to the will were then sworn and examined, and a further adjournment taken. A proposed agreement was prepared for the legatees and next of kin to sign according to which the will was to be admitted to probate and the estate distributed as in case of intestacy, and the defendants' testator took it to have it signed, but upon reflection concluded that, as the surrogate had refused to recognize the paper previously signed, he would go on with the probate proceedings and decline to recognize the arrangement that had been made as binding. The plaintiff's counsel was thereupon notified of the conclusion that had been reached, and that on the adjourned day he might if he wished, cross-examine the subscribing witnesses and go on with the contest. This action is brought for breach of the alleged agreement to

guarantee the plaintiff "his mother's share of the Lucena Briggs estate the same as if she had died without a will."

*George H. Witbeck* for appellant. The contract made on April twenty-first is supported by a valid consideration. (*Rector* v. *Teed*, 120 N. Y. 586; *Spellnor* v. *Friedman*, 130 N. Y. 421; Anson on Contracts, 89; *Farmers' Bank* v. *Blau*, 44 Barb. 652; *Clark* v. *Lyon*, 38 Misc. Rep. 516; *Palmer* v. *North*, 35 Barb. 294.) The contract made on the morning of April twenty-first is not a collateral promise to answer for the debt of another and it is not within the Statute of Frauds. (*Loomis* v. *Lake Shore R. R. Co.*, 182 N. Y. 373; *Roy* v. *Judson*, 24 N. Y. 64; Bishop on Cont. 537; *Crook* v. *Scott*, 65 App. Div. 139; *Packer* v. *Berton*, 95 Am. Dec. 246; *Mechanics' Bank* v. *Stettheimer*, 116 App. Div. 198; *Williams* v. *Bedford*, 63 App. Div. 278; *Frorhi* v. *Tivelli*, 92 N. Y. Supp. 784.) A nonsuit should not have been granted. The case should have gone to the jury. (*Schneider* v. *Second Ave. R. R. Co.*, 39 N. Y. S. R. 370; 133 N. Y. 583; *Forker* v. *Brown*, 10 Misc. Rep. 161; *Johnson* v. *Thorn*, 27 Misc. Rep. 771.)

*C. L. Andrus* for respondents. No contract was established on the trial enforceable against defendants' testator and the nonsuit was proper. (*Larabee Co.* v. *Crossman*, 100 App. Div. 499; *Herter* v. *Mullen*, 159 N. Y. 44; *B. & L. L. Co.* v. *Bellevue L. & I. Co.*, 165 N. Y. 254.) No recovery can be based upon the alleged agreement of April twenty-first, under which plaintiff seeks to recover. (*Pendleton* v. *Pendleton*, 1 S. C. 95; *Wood* v. *Edwards*, 19 Johns. 205; *Silvernail* v. *Cole*, 12 Barb. 685; *Marie* v. *Garrison*, 83 N. Y. 14; *Gundlich* v. *Hensler*, 23 Wkly. Dig. 145; *Vanderbilt* v. *Schreyer*, 91 N. Y. 392; *Carpenter* v. *Taylor*, 164 N. Y. 177; *Robinson* v. *Jewett*, 116 N. Y. 40.)

MILLER, J. There can be no doubt that there was sufficient consideration to support the agreement. The

defendants' testator was one of the proponents of the will, and as legatee was entitled to virtually one-fourth of the estate. As next of kin he would have received the same as the plaintiff, one-eighth. He wished to avoid the con test, and the plaintiff's agreement to stop the contest, not to bring any other actions, and to allow him to settle the estate in Delaware county was quite sufficient to support his agreement that the plaintiff should receive the share of the estate which he would have been entitled to in case of intestacy. The agreement was not one to answer for the debt or default of another, as is said by the respondent, but was an original promise. Language used by laymen is not to be interpreted according to its strict legal meaning. It is suggested that the agreement was void as against public policy, but we know of no rule of public policy which prevents those interested in an estate from agreeing upon the manner of its distribution so as to avoid the expense and trouble of litigation.

The real question in the case was whether the agreement was made on the assumption by the parties to it that the surrogate would refuse probate of the will on the writing which had been signed by them, and we are of the opinion that that was a question of fact for the jury. Standing alone, the conversation relied upon was sufficient to establish a valid agreement supported by a sufficient consideration. But, of course, it is to be construed not as an isolated transaction, but as a part of what had preceded it. Thus construed, we think that two possible inferences are permissible, 1, that the promise was exacted and given on the assumption that the surrogate would deny probate on the writing previously signed by the parties, and for the purpose of assuring the plaintiff that the defendants' testator would not, if the plaintiff did not appear on the adjourned day, undertake to prove the will regardless of the writing; 2, that the parties, being uncertain whether the writing would prove effectual, the plaintiff exacted, and the defendants' testator gave, the further

promise as an assurance that in any event the plaintiff should receive his distributive share of the estate, the same as in case of intestacy. Of course, on the first inference, there was no breach of contract on the part of the defendants' testator, as performance was prevented by an act for which he was not responsible. But on the second inference he was answerable to the plaintiff for the latter's distributive share of the estate as in case of intestacy, whether the writing was approved and acted upon by the surrogate or not. It was for the jury to say which inference was justified by the evidence.

The judgment of the Appellate Division and of the trial court should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., WILLARD BARTLETT, HISCOCK, CHASE, CUDDEBACK and HOGAN, JJ., concur.

Judgment reversed, etc.