# MARY ALLEN HAHN

*v.*

## IRONBOUND TRUST COMPANY et al.

[Decided November 8th, 1922.]

1. Where the signature cards of two bank accounts opened by a man and his wife contained the following: "Ironbound Trust Company funds payable to either or the survivor * * * such moneys are to be drawn * * * by either of us, or in the event of death of either to belong to survivor" and "North Ward National Bank. This account is subject to the order of either of the undersigned depositors, the balance at the death of either to belong to the survivor."—*Held*, that it was clearly the intention of the husband to vest in his wife the right of survivorship, and that after his death the accounts became her property.

2. Where two joint bank accounts are opened by a man and his wife so that there is a right of survivorship, and later funds are drawn from both accounts and used to purchases securities—*Held*, that, in the absence of any showing of intention to sever the joint tenancy, the securities were held jointly, and became the wife's sole property upon her husband's death.

———

*Mr. Maximilian M. Stallman,* for the complainant.

*Mr. Ralph E. Lum,* for the defendants.

CHURCH, V. C.

Albert J. Hahn and Mary Allen Hahn opened two accounts in the name of Albert J. Hahn and Mary Allen Hahn, one in the Ironbound Trust Company, the other in the North Ward National Bank. The signature cards contain the following clauses:

"Ironbound Trust Company funds payable to either or the survivor * * * such moneys are to be drawn * * * by either of us, or in the event of death of either to belong to the survivor." "North Ward National Bank. This account is subject to the order of either of the undersigned depositors, the balance at the death of either to belong to the survivor."

Albert J. Hahn died, and by his will, after leaving a life interest in his property to his widow, left the remainder to his executors.   During his lifetime he and his wife drew from the savings account sufficient money to buy twenty shares of the New Brunswick Light and Power Company, the certificate reading, "Albert J. Hahn and Mary Allen Hahn."

I am called upon to decide whether the bank accounts and the stock belonged absolutely to the widow or whether they go into the residuary estate.   It was admitted on argument that the complainant is entitled to the Ironbound Trust Company account.   Considering the signature cards and the admission, I am of the opinion that it was clearly the intention of Albert J. Hahn to vest in his wife the right of survivorship in these bank accounts, and I so find.   *Kaufman* v. *Edwards, 92 N. J. Eq. 554.*

The question as to whether the money withdrawn from these bank accounts to purchase the above-mentioned stock destroyed the right of survivorship has also been raised.   It appears that $800 was withdrawn from one account and $700 from another, the difference for the purchase of stock being made up by cash on hand.   I cannot find in this state any case directly in point, but counsel for the complainant has called my attention to the English case of *Williams* v. *Hensman (English Court of Chancery), 30 L. J. Ch. 878; 7 Jur. (N. S.) 771; 5 L. T. 203; 70 Eng. Reprint 862.*   In this case a testatrix devised a sum of money to a life tenant with the remainder to her eight children.   The vice-chancellor found that under the terms of the will the eight children took the remainder as joint tenants.   The estate was in money.   Subsequently the five children, who were of age, entered into an agreement directing the trustee to invest their interests in a bond and mortgage.   The vice-chancellor held that the five children who were of age continued to be joint tenants among themselves with respect to the security in which their joint moneys were invested by their direction; and he held further that to convert a joint estate into an estate in common requires an express agreement or such an

act as will clearly raise the inference of severance, and that the burden of proof is upon him who asserts the severance.

No proof has been submitted to me in this case that there was ever any severance intended when the money was withdrawn from the bank accounts to invest in this stock. From the evidence, it appears that Hahn and his wife desired a higher rate of interest than they could secure from the savings banks, and that there was no idea of changing the condition of the funds in the savings banks or of destroying the right of survivorship. See, also, *23 Cyc. 487 note,* which says: "Employing part of the property in trade for mutual benefit does not sever a joint tenancy. *Hall* v. *Digby, 4 Bro. P. C. 224; 2 Eng. Reprint 393."*

I will therefore advise a decree that the right of survivorship in the two bank accounts, and also in the stock certificate, is in Mary Allen Hahn, and she is entitled to the amount on deposit in these two banks, and also to the certificate of stock of the New Brunswick Heat, Light and Power Company.