CENTRAL UNION TRUST COMPANY OF NEW YORK, THERESE DAVIS AND SAMUEL NORRIS, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF JOHN H. DAVIS, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36636. Promulgated October 7, 1931.

*John M. Perry, Esq.*, for the petitioners.
*C. A. Ray, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $10,-793.32 in the estate tax of the estate of John H. Davis, deceased. By the petition, the deficiency was assailed as to three items. The first issue, as to the value of certain stock, has been withdrawn by petitioners, and the last issue, as to the correct amount of credit for state inheritance taxes, will be adjusted by the parties as the corollary to the decision on the second issue. The second issue remains in controversy and arises from the respondent's determination that $146,-089.84 (taken apparently as the equivalent of £30,000 sterling) is not deductible under section 303(a)(1), Revenue Act of 1926, as contended by petitioners. The facts are embodied in a stipulation and so far as they affect this issue are as follows:

(a) On the 13th day of October, 1893, an indenture was entered into between the Honorable Terence John Temple Hamilton Temple Blackwood (hereinafter called "Lord Terence") a son of the Marquis of Dufferin and Ava, of the first part; Florence Chapman Davis (hereinafter called "Miss Davis") a daughter of John Hagy Davis (the decedent in this proceeding), of the second part; the said John Hagy Davis, of the third part, and Arnold Heseltine and Russell Stephenson (hereinafter called "Trustees") of the fourth part, wherein it was recited that a marriage was contemplated between Lord Terence and Miss Davis, and that as a settlement therefor, Lord Terence should pay the Trustees £10,000 and John Hagy Davis (the decedent) should pay to the Trustees £10,000 to be held by the Trustees upon the trusts in said indenture set forth. The said John Hagy Davis further agreed in said indenture, clause 9(e) that his representatives would pay to the Trustees under said indenture within six months after his death, the sum of £30,000 (subject to reduction to the sum of £20,000 upon the happening of events, which did not occur) with interest at the rate of four per cent. per annum from the date of his death until the date of payment. A copy of said indenture is annexed hereto as "Exhibit A" and made a part hereof.

(b) Lord Terence and Miss Davis were married within six months from the date of the indenture. The parties thereto made the original payments to the Trustees in accordance with the terms of the indenture.

(c) The said John Hagy Davis died on the 7th day of May, 1926, a resident of the County of New York. Lord Terence and Miss Davis predeceased him. Three daughters of the marriage, all over the age of twenty-one years, survived the said John Hagy Davis. The substituted Trustees under the said indenture were required by such children to enforce the terms of the said indenture obligating the representatives of said John Hagy Davis to make the payment to the Trustees of said £30,000 with interest and sworn proof of claim is annexed hereto as "Exhibit B" and made a part hereof.

(d) The petitioners paid said claim on the 10th day of May, 1927, in the amount of £31,289-8-6, and received a general release and receipt therefor, a copy of which is annexed hereto as "Exhibit C" and made a part hereof.

It is not necessary to set forth the exhibits in extenso. The settlement agreement (Exhibit A) contains as its last recital, "And Whereas upon the treaty for the intended marriage it was agreed that such settlement should be executed as hereinafter contained and these presents are executed in consideration of the intended marriage."

The provision as to the £30,000 is as follows:

9. JOHN HAGY DAVIS for himself his heirs executors and administrators Covenants with the Trustees and also as a separate Covenant with each of Lord Terence and Miss Davis That if the intended marriage shall be solemnized within 6 calendar months from the date hereof he John Hagy Davis will make or cause to be made the following payments

\*     \*     \*     \*     \*     \*     \*

(e) Within 6 months after his death John Hagy Davis' representatives shall pay to the Trustees the sum of £30,000 together with interest at the rate of 4 per cent per annum from the date of his death until payment. \* \* \*

For the petitioner it is argued (1) that the £30,000 was deductible under section 303(a)(1), and (2) that it was no part of the estate and to include it is unconstitutional under cited decisions.

1. We are of opinion that the amount is not deductible. The consideration for the claim (if it be a claim within the contemplation of the statute) is not "in money or money's worth." This was a marriage settlement, and, for the purpose of this proceeding it may be assumed that it was bona fide and valid and that the consideration was fair. Even if it could be assumed that the consideration was also adequate and full, still this would not be enough to establish deductibility. *Lillian T. Latty, Executrix*, 23 B. T. A. 1249. Marriage as a consideration, however good, is not "money or money's worth," *Prewit v. Wilson*, 103 U. S. 22, and this is equally true as to the marriage of one's child as of one's self.

The decisions in *Jeptha H. Wade*, 21 B. T. A. 339, and *John D. McIlhenny Estate*, 22 B. T. A. 1093, must be confined within their narrow limits in respect of claims of charitable institutions which are within the beneficent intendment of the statute. They have no bearing on the question of deductibility of private obligations such as that now before us.

2. The amount was in our opinion clearly part of the decedent's estate at the time of his death. It was not transferred at the time of the agreement. At that time there was only a promise that it would be transferred. This did not remove it from the estate nor restrict the decedent's ownership before his death. Therefore to include it within his gross estate is not to impose a tax retroactively upon a completed transfer, and raises none of the constitutional questions involved in *Nichols* v. *Coolidge*, 274 U. S. 531; *Shwab* v. *Doyle*, 258 U. S. 529; *Lewellyn* v. *Frick*, 268 U. S. 238; *Frew* v. *Bowers*, 12 Fed. (2d) 625. Nor does the tax upon the net estate impair any obligation of the contract. The contract has, so far as appears, been fully performed and the statute may not be set aside by invoking imaginary cases of possible hardship in its application. But it may be added that we know of no theory to support such an attack of unconstitutionality as to a Federal statute and no authority is cited. Cf. *Cohan* v. *Commissioner*, 39 Fed. (2d) 540.

*Judgment will be entered under Rule 50.*