PAULINE L. SHEETS AND FIRST NATIONAL BANK AND TRUST COMPANY AS EXECUTORS OF THE ESTATE OF LEVERET T. SHEETS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75223. Promulgated December 29, 1936.

*Abbott L. Fletcher, Esq.*, for the petitioners.
*Lewis S. Pendleton, Esq.*, for the respondent.

.OPINION.

DISNEY: The respondent contends that the full value of the property in question should be included in the gross estate as property held by the decedent and his wife as joint tenants within the meaning of section 302 (e) of the Revenue Act of 1926.[1] The petitioners contend that the property was not held by joint tenancy; that if the property was so held, it is not subject to tax because it was acquired by the wife for a full and adequate consideration in money or money's worth; that section 804 of the Revenue Act of 1932,[2] adding a new provision to section 303 (d) of the 1926 Act, may not be applied retroactively; and that the value of some of the securities was less than the amount determined by the respondent.

The petitioners argue that no joint tenancy existed with respect to the property in question by reason of the fact that, pursuant to provisions of the settlement agreement resulting from the divorce proceeding, the decedent was entitled to all of the income from the securities and had no right to alienate his interest without the written consent of his wife.

---

[1] SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*     \*     \*     \*     \*     \*     \*

(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth: *Provided,* That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person: \*     \*     \*

[2] SEC. 804. RELINQUISHMENT OF DOWER, ETC., AS CONSIDERATION.

Section 303 (d) of the Revenue Act of 1926 is amended by adding at the end thereof a new sentence to read as follows:

"For the purposes of this title, a relinquishment or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration 'in money or money's worth'."

The instrument transferring the property to the decedent and his wife is not before us for examination. We assume, in the absence of any evidence to the contrary, that it transferred the securities to these parties as "joint tenants and not tenants in common", with right of survivorship, as set forth in the settlement agreement. Personal property transferred by such terms creates a joint tenancy. *Peterson* v. *Lake City Bank & Trust Co.*, 181 Minn. 128; 231 N. W. 794.

A joint tenancy may be severed by the destruction of one of its four unities, namely, interest, title, time, and possession, provided the act is such as to preclude the joint tenant who severs his interest from claiming any interest in the estate by survivorship. *In re Wicks* (1891), 3 Ch. 59; *Siemianoski* v. *Union State Bank of South Chicago*, 242 Ill. A. 390. The cotenants acquired like interests at the same time under one conveyance. The limitation subsequently placed on the right of the decedent to convey his interest without the consent of his wife, transferred no property rights in the estate. The obvious purpose of the agreement was to protect the wife against a severance of the tenancy by the husband through a conveyance of his interest. Its effect was to continue the right of survivorship, free of any independent act of the husband, rather than to destroy the tenancy. The right of survivorship is the chief characteristic of a joint tenancy. *Farr* v. *Trustees*, 83 Ohio 446; 53 N. W. 738; *Hernandez* v. *Becker*, 54 Fed. (2d) 542; *Peterson* v. *Lake City Bank & Trust Co.*, *supra;* *In re Putman's Estate*, 20 Pac. (2d) 783 (Cal.).

The right given the decedent to receive the income from the property was not partition of the estate. The wife's right to convey her interest, and the right of survivorship of both joint tenants, continued to exist. The agreement respecting the income related merely to the enjoyment of the estate. Joint tenants may enter into such agreements without severing the tenancy. *Huffman* v. *Pollard*, 6 Ky. L. 519; *Ward* v. *Ward's Heirs*, 40 W. Va. 611; 21 S. E. 746. The agreement herein plainly recognizes the joint tenancy as continuing. The intent of the parties governs. *Sanderson* v. *Everson*, 93 Neb. 606; 141 N. W. 1025.

The parties may agree as to a subdivision of time for the exclusive occupancy of the joint property. *Curtis* v. *Swearingen*, 1 Ill. 207; 33 C. J. 909. A joint tenancy is not destroyed by the withdrawal, by one of the joint tenants, of money in a joint bank account, and the placing thereof in his separate account. *Morrow* v. *Moskowitz*, 255 N. Y. 219; 174 N. E. 460; *In re Porianda's Estate*, 256 N. Y. 423; 176 N. E. 826. Mutual agreement as to management of the joint estate obviously would, then, not destroy it. It appears that conduct or a course of dealing working severance of a joint tenancy is such as indi-

cates that the parties mutually treated their interests as belonging to them in common. 33 C. J. 909 and cases cited. One alleging severance of a joint estate has the burden so to establish. *Hahn* v. *Ironbound Trust Co.*, 118 Atl. 744.

Examination of the authorities fails to disclose inhibition, as between joint tenants, of the usual right of husband and wife to contract with each other as to their properties, and we can not believe from the evidence before us that there was any intent to destroy the joint tenancy already created or that the contractual limitation upon the husband's right of alienation would destroy it. The four unities seem to be preserved. Certainly there appears no intent to reduce this tenancy to one in common. We think this conclusion is particularly justified in a construction, not primarily of a question of real estate, but of the intent and purpose of a revenue act. Section 302 (e) plainly intends the imposition of an estate tax based upon the value at death of property passing by right of survivorship, rather than the original technical elements of joint tenancy. We have recently made a distinction between a decision of title to real property and decision of the legislative base for computation of a Federal tax. *Carrie S. Fair*, 35 B. T. A. 41. It might be doubted whether within the purview of this section any element of joint tenancy is necessary, except that of survivorship. Construing said section, we hold that the joint tenancy which had been created previously was not severed by the settlement agreement, as contended by petitioners.

The petitioners also argue that, since by provisions of the settlement agreement growing out of the divorce suit the wife surrendered rights in the homestead and other real property, and personal property of the decedent which could not be defeated by will, together with such rights as she had in the divorce suit, she paid an adequate and full consideration in money or money's worth for the property in question.

In *United States* v. *Banks*, 17 Fed. 322, the court, in construing section 132 of the Act of Congress of June 30, 1864, defining a taxable succession as including any "deed of gift or other assurance of title made without valuable or adequate consideration", said:

The valuable and adequate consideration referred to in section 132 must be held to mean either money paid or some legal interest or estate parted with or charged, or service rendered, to the value of the property received. *U. S.* v. *Hart*, 4 Fed. Rep. 293.

To the same effect is *In re Reynolds' Estate*, 169 Cal. 600; 147 Pac. 268.

The case of *State Street Trust Co.* v. *Stevens*, 209 Mass. 373; 95 N. E. 851, followed in *Worcester County National Bank* v. *Commissioner of Corporations and Taxation*, 175 N. E. 726 (Mass.), involved a

state statute levying a succession tax unless there had been a "purchase for full consideration in money or money's worth." The court said that "The statute also requires that the consideration must be for the full value of the property whether paid in money, or the acceptance by the transferor of property or service, or some benefit of an equivalent pecuniary measurement. * * * The statute is not complied with unless the consideration, whatever form it may assume, is not only valuable, but full, by covering the value in money, or its equivalent in money of the property transferred."

The case of *Ferguson* v. *Dickson*, 300 Fed. 961, involved only the question of whether a prenuptial agreement, in which property was acquired for a waiver of an inchoate right of dower, was entered into for a "fair" consideration. The question in *McCaughn* v. *Carver*, 19 Fed. (2d) 126, was no broader. See also *Lillian T. Latty, Executrix*, 23 B. T. A. 1250, and *Central Union Trust Co. of New York et al., Executors*, 24 B. T. A. 296.

The statute in question here at one time contained only the requirement of a "fair" consideration, as was considered in *Ferguson* v. *Dickson, supra*, but this was changed by the Act of 1926, to require that the consideration be "adequate and full."

In *United States* v. *Mitchell*, 74 Fed. (2d) 571, the Circuit Court of Appeals for the Seventh Circuit considered the history of section 303 (a) (1) of the Revenue Act of 1926 and noted particularly that the requirement of consideration therein had evolved from "fair" to "adequate and full", and the court remarked: "It is apparent that the 1924 and 1926 Acts successively narrowed the scope of deductible claims."

We are therefore constrained to believe not only that *Ferguson* v. *Dickson, supra*, is not authoritative in the instant case, but that the evolution as to the character of consideration both in section 302 (e), here being considered, and in section 303 above, indicates the petitioner must make an affirmative showing of equivalence in consideration and that for which consideration passes.

Was the consideration here in money or money's worth equal to the value of the property transferred? We think not.

The statutes of Minnesota provide generally for the passing of homestead property to the surviving spouse in fee or for life, depending upon whether there are children, or issue thereof, surviving, and an undivided one-third of all other lands of the decedent. As to personalty, the widow is entitled to the decedent's wearing apparel, all of certain other property up to a prescribed value, and an undivided one-third of any other personal property. These rights can not be defeated without the consent of the survivor in writing. Secs. 8719, 8720, and 8726, Mason's Minnesota Statutes for 1927. Sec-

tion 8602 authorizes the court to allow the wife as alimony not to exceed in present value one-third of her husband's personal estate, income, and earnings, and one-third in value of his real estate.

In this case no money passed from the wife to the decedent as consideration for the transfer of the property. No proof was offered of the value of the wife's inchoate dower rights. In the settlement agreement the parties agreed that the decedent's estate, exclusive of the homestead and any property not listed in the agreement, had a value of $152,270.47 at that time, but no evidence was offered upon trial to prove that the property had such a value. It may be, so far as the record shows, that the decedent had other property at the time which, from oversight or otherwise, was not listed in the agreement. It can not be said that the decedent's estate was in any respect increased by the transaction. In fact, it was decreased by reason of payments made to and on behalf of his wife.

The wife did not, as part of the consideration for the agreement, agree to dismiss the divorce suit and the agreement was to be effective whether the proceedings were dismissed or proceeded to trial and judgment. Thus the wife was under no binding contract to dismiss her divorce suit or, if dismissed, refrain from filing one on a subsequent date. It does not appear whether or not the decedent answered the complaint or the proceedings went to trial. What his defense would have been, had he filed an answer, is not known, and we have no facts, other than the allegations in the complaint, upon which to judge the outcome of the suit. Without evidence on the point, we do not know what value, if any, the wife's mere statement of a cause of action had. Neither are we in any position to decide whether the court, if the wife had succeeded in the proceeding, would have made an award to her, and, if so, the amount thereof. Under the circumstances, we find that the petitioners have failed to prove that the wife received or acquired her interest in the property in question for an adequate and full consideration in money or money's worth, or for an amount less than such a consideration.

In view of this disposition of the issue there is no need to consider the effect of section 804 of the 1932 Act on the question.

The full value of the property in question constitutes a part of the gross estate of the decedent. *Rita O'Shaughnessy, Executrix*, 21 B. T. A. 1046; affd., 60 Fed. (2d) 235; certiorari denied, 288 U. S. 605; *Bushman* v. *United States*, 80 Ct. Cls. 175; certiorari denied, 295 U. S. 756.

There is no controversy as to the value at the time of the decedent's death of the securities listed in the estate tax return as items 3, 5, 7, 8, 9, 14, 17, and 18, or the amount of accrued interest on all of the securities. This property will be included in gross estate at the

aggregate value determined by the respondent. The remaining securities, namely, items 1, 2, 4, 6, 10, 11, 12, 13, 15, and 16, will be included in the gross estate of the decedent at the values set forth in our findings of fact, which values we have determined from the uncontradicted testimony of the petitioners' witness.

The stipulation of the parties that the petitioners are entitled to a credit of $560.67 for state inheritance taxes will be reflected in the recomputation to be filed under Rule 50.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

LEECH, dissenting: I agree with the majority opinion that a joint tenancy between the decedent and his wife in the disputed property existed at decedent's death.

I disagree with the conclusion in that opinion that the wife's withdrawal of her divorce proceeding against decedent, her performed promise to resume her marital status with decedent, and her relinquishment of her statutory rights in the property of decedent were not "adequate and full consideration in money or money's worth" for the interest she received in the contested joint tenancy property and other financial emoluments.

The record discloses that at the time of the agreement creating this joint tenancy the wife was 48 and the husband 79. They were involved in a serious domestic dispute. This agreement was in settlement of that controversy. It was made at arm's length. Each party employed counsel who were equally interested in securing the most advantageous trade. In the agreement, so concluded, the parties agreed upon a value for the property included in that joint tenancy, and by the same token, I think, characterized what the wife agreed to do and did do in compliance therewith, as being "adequate and full consideration in money or money's worth" for the joint tenancy interest and other financial benefits she received in exchange therefor. The parties' receipt of none of the benefits provided for each in the agreement was conditional upon any contingency. Cf. *Chemical Bank & Trust Co. et al., Executors,* 25 B. T. A. 1153.

In any event, the statutory right of dower, or otherwise, which the wife relinquished as a partial consideration for the creation of the disputed joint tenancy and the other benefits was, as the Third Circuit said in *Ferguson v. Dickson,* 300 Fed. 961, "the separate property of the wife, and has pecuniary value and is money's worth. *Beal's Executor v. Strom,* 26 N. J. Eq. 372, 376; *Wheeler v. Kirtland,* 27 N. J. Eq. 534; *Magniac v. Thomson,* 7 Pet. 346, 8 L. Ed. 709." *McCaughn v. Carver,* 19 Fed. (2d) 126, and *United States v. Mitchell,* 74 Fed. (2d) 571.

The controlling date affecting the question of the legal quality and amount of the consideration here is the date upon which the contract including the creation of the joint tenancy was made. In my opinion, no question can be raised as to the computability of the value of the wife's dower interest *then*. It is merely the discounted value of a life estate in decedent's then owned property, measured, in time, by the excess of the wife's then expectancy over that of decedent. Cf. *E. A. Holmes, Trustee*, 27 B. T. A. 1229.

It may be that this record is not sufficiently complete upon which to make that calculation. If this be so, then the petitioner should be given a further opportunity to establish a basis for that computation (*Helvering* v. *Taylor*, 293 U. S. 507; *Ray W. Torrey Co.* v. *Commissioner*, 84 Fed. (2d) 659) if the computation of the proportion of the property in the joint tenancy that should be excepted from the decedent's estate is necessary. Sec. 302 (e), Revenue Act of 1926. (See majority opinion.)

Section 804 of the Revenue Act of 1932 is not retroactive. *Mildred Kienbusch et al., Executors*, 34 B. T. A. 1248; *Smith* v. *United States*, 16 Fed. Supp. 397; *Myers* v. *Magruder*, 15 Fed. Supp. 488. Cf. *United States* v. *Wells*, 283 U. S. 102; *Coolidge* v. *Long*, 282 U. S. 582; *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339; *Morsman* v. *Burnet*, 283 U. S. 783; *McCormick* v. *Burnet*, 283 U. S. 784; *May* v. *Heiner*, 281 U. S. 238.

Nor is it declaratory of existing law. *Ferguson* v. *Dickson, supra; McCaughn* v. *Carver, supra; United States* v. *Mitchell, supra; Chemical Bank & Trust Co. et al., Executors, supra.*

The Report of the Finance Committee of the Senate accompanying the Revenue Act of 1932 strongly confirms that conclusion. That report states:

*This amendment excludes,* in determining "consideration in money or money's worth", the value of a relinquished, or a promised relinquishment of, dower, curtesy, or other marital rights in decedent's property. Section 302 (a) and (b) of the 1926 act require the value of such an interest to be included in the gross estate, and, if its value may, in whole or in part, constitute a consideration for an otherwise taxable transfer (as has been held to be so), or an otherwise unallowable deduction from the gross estate, the effect produced amounts to a subversion of the legislative intent expressed in section 302 (a) and (b).

For example, a decedent dies leaving an estate of $1,500,000 (after payment of all charges), and under the State law the surviving spouse is entitled to one-third, or $500,000, of which she cannot be deprived by will without her consent. Under existing law, the estate is entitled to no deduction on account of her *statutory rights*, but, if she and decedent had entered into a contract by which she was to receive from his estate a stated sum in consideration of a waiver of her statutory rights, the amount due her under the contract might be held a deductible claim against the estate as having been contracted for an adequate and full consideration in money's worth, namely, the value of her waived marital rights. [Emphasis supplied.]

I think it is immediately apparent from that report that *"This amendment excludes, in determining 'consideration in money or money's worth,' the value of a relinquished, or promised relinquishment of, dower, * * * or other marital rights in decedent's property."* (Emphasis supplied.) The Senate recognized the amendment as effecting a change in existing law, which, though denying the exclusion of *the statutory "dower rights"* of the surviving spouse from a decedent's estate, under section 302 (a) and (b) of the Revenue Act of 1926, permitted the exclusion of *contractual rights* of the surviving spouse, which petitioner actually possessed here immediately upon decedent's death. It was this very inconsistency in existing law that the amendment was intended to correct.