STELLA S. HOUSMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 81300, 83346. Promulgated October 25, 1938.

*Alfred L. Rose, Esq., David Katz, Esq.,* and *Wilbur H. Friedman, Esq.,* for the petitioner.

*P. A. Bayer, Esq.,* for the respondent.

1008

## OPINION.

Van Fossan: The primary question for consideration in this case is whether the amounts which petitioner's son received from her during the taxable years, constituted gifts in those years within the meaning of the gift tax provisions of the Revenue Act of 1932. The applicable portions of the statute are set out below.[1]

[1] SEC. 501. IMPOSITION OF TAX.

(a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in section 502, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift.

(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; but, in the case of a nonresident not a citizen of the United States, shall apply to a transfer only if the property is situated within the United States. The tax shall not apply to a transfer made on or before the date of the enactment of this Act.

(c) The tax shall not apply to a transfer of property in trust where the power to revest in the donor title to such property is vested in the donor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such property or the income therefrom, but the relinquishment or termination of such power (other than by the donor's death) shall be considered to be a transfer by the donor by gift of the property subject to such power, and any payment of the income therefrom to a beneficiary other than the donor shall be considered to be a transfer by the donor of such income by gift.

SEC. 503. TRANSFER FOR LESS THAN ADEQUATE AND FULL CONSIDERATION.

Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this title, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year.

Petitioner contends, first, that the gift tax law is not applicable to the present facts because the moneys in question, passing from petitioner to her son, are, in effect, bequests from petitioner's deceased husband.

For petitioner to prevail on this contention it is necessary to reach the conclusion from the evidence submitted that the petitioner's deceased husband intended to create and created a constructive or secret trust which imposed upon petitioner the legal duty of making payments out of income received by her during the years in question to William Burton, the only surviving son. The record is not convincing that such was his intention or that a trust was created. Our view of the evidence is that, while petitioner and her husband discussed the provisions of his second will, petitioner did no more than assume a moral obligation on her part to devote such part of the income from the residuum of the trust to the support and maintenance of the sons as her judgment dictated was wise. It does not appear that the acceptance of the terms of the trust by petitioner was a condition precedent to the execution of the will or that the deceased Bernheimer executed the will in reliance on petitioner's promise. He made specific provision for the sons in the will and in the conversation with petitioner stated only that he wanted his sons to have what they needed and left it entirely to her "to do the right thing by the boys." These words, in the circumstances here present, can not be held to evidence an intention to create a trust nor to have imposed a secret trust or equitable charge on the estate.

As was said in *Amherst College* v. *Ritch*, 151 N. Y. 282; 45 N. E. 876:

* * * While a testator may make a gift to a legatee solely for the purpose of enabling him, if he sees fit, to dispose of it in a particular way, still if there is no promise by him, either express or implied, to so dispose of it, and the matter if left wholly to his will and discretion, no secret trust is created, and he may, if he chooses, apply the legacy to his own use. When it clearly appears that no trust was intended, even if it is equally clear that the testator expected that the gift would be applied in accordance with his known wishes, the legatee, if he has made no promise, and none has been made in his behalf, takes an absolute title, and can do what he pleases with the gift. Whatever moral obligation there may be, no legal obligation rests upon him.

A further contention by petitioner, in the alternative with relation to petitioner's first contention, is that the gift tax law is not applicable to the present facts because the payments made by petitioner to her son in the taxable years in question represent payments made pursuant to a legal and binding contract obligation. Petitioner argues that prior to June 6, 1932, she was obligated by contract to make the payments in question, first, because her son was a third party beneficiary of the agreement made by petitioner with her husband prior

to the execution of the will, and, second, because the 1928 compromise agreement between petitioner and her son created a binding legal obligation.

The first point of this argument is disposed of by reference to what we have hereinabove said in regard to the transaction between petitioner and the deceased Bernheimer. Our view there, as indicated, is that there was no foundation in the record upon which a secret or constructive trust might be declared; and *a fortiori* no contract would have been created.

Petitioner's argument, based on the legal obligation arising out of the 1928 compromise agreement with her son must also be rejected. Assuming that the 1928 compromise agreement created a contractual obligation, petitioner must go further and show that the transfer of the property, pursuant to this agreement, was not "for less than an adequate and full consideration in money or money's worth." This is a statutory requirement. (Sec. 503, Revenue Act of 1932.)

From the record, the consideration running to petitioner for the payment of the stipulated sums, pursuant to the compromise agreement of 1928, was the forbearance on the part of her son from bringing suit. This forbearance is not, in our opinion, "an adequate and full consideration in money or money's worth."

Although it is an "elementary principle that the law will not enter into an inquiry as to the adequacy of the consideration" (Willston On Contracts, sec. 115), this is a principle applicable to the general law of contracts and of no force in the face of a statute which has for its avowed purpose the scrutiny of the adequacy of consideration.

While, as petitioner points out in her brief, the compromise of a disputed claim is sufficient consideration in New York to support a promise to pay a sum of money, *White* v. *Hoyt*, 73 N. Y. 514, 518 (1878); *Rector, etc. of St. Mark's Church* v. *Teed*, 120 N. Y. 583 (1890); *Schoonmaker* v. *Gray*, 208 N. Y. 209 (1913); *Minehan* v. *Hill*, 144 App. Div. 854 (3d Dept. N. Y. 1911); *Stewart* v. *Ahrenfeldt*, 4 Denio, 189 (N. Y. 1847); *Russell* v. *Cook*, 3 Hill, 504 (N. Y. 1842); *Lockwood* v. *Title Insurance Co.*, 73 Misc. 296 (Sup. Ct. N. Y. 1911); *First National Bank* v. *Keller*, 127 App. Div. 436 (3d Dept. N. Y. 1908), this, as we have already said, does not meet the demands of the statute that the consideration be "an adequate and full consideration in money or money's worth."

In *Sellar Bullard, Executor*, 34 B. T. A. 243; affd., 303 U. S. 297, this Board said:

It is a well established principle, particularly in Illinois, that a family settlement agreement constitutes a valid consideration for the conveyance of property. *Hall* v. *Hall*, 125 Ill. 95; 16 N. E. 896; *Cole* v. *Cole*, 292 Ill. 154; 126 N. E. 752; *Hagen* v. *Anderson*, 317 Ill. 173; 147 N. E. 791; *Stedman* v. *Tate*, 326 Ill. 442;

158 N. E. 97. But a valid consideration is not necessarily "an adequate and full consideration in money or money's worth" as specifically required in the statutory exception. We have so held in cases involving similar consideration. *Lillian T. Latty, Executrix*, 23 B. T. A. 1250; affd., 62 Fed. (2d) 952; *Central Union Trust Co. of New York et al., Executors*, 24 B. T. A. 296. See *Prewit* v. *Wilson*, 103 U. S. 22.

Petitioner urges that the principle of the last cited case is here inapposite for the reason that the settlement agreement in that case was made in February 1932 and the trust which was created pursuant to the settlement agreement was created in February 1932; and that the law at that time (section 302 (c), Revenue Act of 1926 as amended by Joint Resolution March 3, 1931) excepted from Federal estate taxes *inter vivos* trusts when created for full and adequate consideration. Such a statute, petitioner contends, made it obligatory to show that there was a full and adequate consideration for the agreement to create the trust. The present settlement agreement, so petitioner argues, was consummated 3½ years prior to the enactment of the gift tax and it was therefore no part of petitioner's burden to show that the consideration in 1928 was equal in money or money's worth to the promise made by petitioner in that year. Petitioner concedes that the payments in the case at bar were after the enactment of the gift tax law, but urges that these payments are not gifts because they were made in discharge of a previously contracted legal obligation.

We believe the distinction sought to be made by petitioner between the present case and *Sellar Bullard, Executor, supra*, is not sound. Both the statute in question here and the statute involved in *Sellar Bullard, Executor, supra*, turn on whether the transaction was "for an adequate and full consideration in money or money's worth." We see no justification for differentiating between the holding in *Sellar Bullard, Executor, supra*, to the effect that a family settlement agreement, while it might be a valid consideration, is not necessarily "an adequate and full consideration in money or money's worth", and the present problem. See *Edith M. Bensel et al., Executors*, 36 B. T. A. 246; *Pauline L. Sheets et al., Executors*, 35 B. T. A. 220; affd., 95 Fed. (2d) 727; Regulations 79, art. 8.

Petitioner's remaining arguments attack the application of the gift tax to the present transaction on constitutional grounds. The general constitutionality of the gift tax was established in *Bromley* v. *McCaughn*, 280 U. S. 124.

Petitioner's argument that the tax, if applicable to the present case, is unconstitutional as a retroactive tax in violation of the due process of law clause of the Constitution is based upon an erroneous assumption of fact, i. e., that the gifts were completed prior to the passage of the taxing acts. It is an accepted postulate that a gift is never

fully consummated and completely vested beyond recall until delivered. The delivery in the present case was during a period in which the gift tax was controlling law.

Petitioner relies upon *Blodgett* v. *Holden*, 275 U. S. 142, and *Untermyer* v. *Anderson*, 276 U. S. 440, to support her contention that an application of the gift tax law to the facts of the present case would give the act such an unconstitutional retroactive effect. It is our view that the holding of these cases can offer little comfort to the petitioner. It is true that the Court in each of these cases held the gift tax law unconstitutional where, by its terms, it was retroactive, but this was under conditions different from those here present. In *Blodgett* v. *Holden, supra*, the facts were that early in the year 1924, prior to the passage of the gift tax law in June of that year and before Congressional action had been taken on such a law, a gift was completed. *Untermyer* v. *Anderson, supra*, differs from *Blodgett* v. *Holden, supra*, only in the fact that the gift was made after the gift tax act was proposed and consideration given it by the committees of Congress. The statute provided for the taxing of all gifts made within the calendar year. As above indicated, in both cases the Court held the tax to be unconstitutional as applied to those gifts *completed* before the effective date of the act.

In *Untermyer* v. *Anderson*, the Court said that it was of the opinion "that so far as applicable to *bona fide* gifts not made in anticipation of death and *fully consummated* prior to June 2, 1924, those provisions [taxing all gifts during the calendar year] are arbitrary and invalid under the due process clause of the 5th amendment." (Italics ours.) From this language it is readily apparent that the Court was treating only with gifts that were "*fully consummated*" and it is on this ground that we believe the cases relied upon by petitioner are not controlling here.

The further contention of petitioner, that the tax is unconstitutional because it is arbitrary and confiscatory, is without merit. The ultimate basis of such a contention is, of course, that the tax is in violation of the Constitution in that it is without due process of law. Such contentions, for the most part, have been summarily dismissed by the courts except in those cases where notice and hearing are involved, Cooley, Law of Taxation, vol. 1, sec. 143. Once the power to tax is established it takes a strikingly unreasonable tax to form the basis of unconstitutionality on this ground, and "a tax will * * * not be held void because it is deemed to be too high", Holmes, Federal Taxes, p. 1567.

The due process clause of the Constitution is not a limitation upon the taxing power conferred on Congress by the Constitution unless the statute is so arbitrary as to compel the conclusion that it was not

an exercise of the taxing power, but the confiscation of property. *Brushaber* v. *Union Pacific R. R. Co.*, 240 U. S. 1; *Henderson Bridge Co.* v. *Henderson*, 173 U. S. 592; *Cass Farm Co.* v. *Detroit*, 181 U. S. 396. The due process clause of the Fifth and Fourteenth Amendments are limitations upon the taxing power only in rare and special instances. *Magnano Co.* v. *Hamilton*, 292 U. S. 40.

It is petitioner's argument that, because under New York law she is bound to make the payment out of the income received from the residuary estate and in addition is paying a graduated income tax on such income, the gift tax in question is such an unreasonable and arbitrary disregard of New York law as to amount to a confiscation of her property without due process. She argues that if, in addition to paying a graduated income tax on the income from the residuary estate, she is compelled to pay a graduated cumulative gift tax, the time will not be far distant when the taxes and payments will exceed her entire income. This issue is presented in petitioner's brief as a naked argument with no authorities to support it, nor any computation to show the confiscatory nature of the tax. It should be noted that the excessiveness complained of is by reason of two separate and distinct bases of tax, viz., income and gift. And it should also be noted that prior to the present controversy petitioner did not deduct the sums transferred to her son from her income, nor did the son report such sums as income to him. Our view is that the tax is not invalid on this ground.

We might also say that it is not a matter of our concern that petitioner transfers the sums in question to her son under her own interpretation of New York law. The question of her liability under New York law, on either the alleged contract of settlement with her son in 1928, or on her status as constructive trustee, has not been adjudicated under New York law, and therefore, payments by her to her son, in the light of our holding on the matter, must be considered as voluntary gifts on her part.

*Decision will be entered for the respondent.*