JOSEPH WALTER, GUARDIAN, ETC., APPELLEE, v. FRANK WALA AND ANNA WALA, APPELLANTS.

Mortgage Foreclosure: GUARDIAN AND WARD. An action was commenced by W., as guardian of certain minor heirs, to foreclose a mortgage belonging to them upon certain real estate. The mortgagor and wife answered the petition, alleging that the note and mortgage belonged to the estate and not to the heirs. It appeared from the record that the administratrix had made final settlement of the estate, and that the note and mortgage were delivered to the guardian as the property of his wards. *Held*, That he could maintain the action.

APPEAL from Cuming county, BARNES, J.

*Uriah Bruner*, for appellants.

*T. M. Franse*, for appellee.

MAXWELL, CH. J.

In February, 1879, the plaintiff, as guardian, commenced an action in the district court of Cuming county to foreclose a mortgage given by the defendants Frank Wala and Anna Wala to one Mary Hampel upon certain real estate in said county. Prior to the commencement of the action Wala and wife conveyed the real estate in question to Duda. Smith was a judgment creditor of Wala. Duda and wife and Smith made default. Wala and wife answered the

petition of the plaintiff, denying that said heirs had any transfer or assignment of the note in question, and denying that any distribution had been made of said note and mortgage to said heirs, as provided by law, or that said minor heirs had any right or title to the same, and alleging that said note and mortgage were the property of the estate of Leopold Hempel, deceased, and that Sophia Hempel is of the age of eighteen years and over. A decree was rendered in the court below in favor of the plaintiff. The defendants Wala and wife appeal to this court.

It appears from the bill of exceptions that the administratrix had made final settlement of all matters pertaining to the estate, and that the note and mortgage in question had been delivered to the plaintiff as a part of the personal estate of his wards before the commencement of this suit. Under such a state of facts will it be seriously questioned that the guardian could not maintain an action to foreclose the mortgage? No case has been cited holding that he did not possess such authority, and I think none such can be found. It is the duty of a guardian to care for and protect the interests of his wards; to keep their moneys productive, and, when deemed necessary, collect outstanding debts and re-invest the money thus collected. He is amenable to the court for his acts, and must account for all the money belonging to his wards which he receives. The plaintiff in this case is shown by the testimony to have been in possession of the note and mortgage in question, and the defendants do not claim to have any defense to the same.

It is clear that justice has been done in the premises. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.