JOHN M. DARLING ET AL., APPELLEES, V. FRANK S. DARLING ET AL., APPELLANTS.

FILED DECEMBER 18, 1931. No. 28024.

*G. N. Anderson* and *W. J. Donahue,* for appellants.

*H. C. Vail* and *Kemp & Brower, contra.*

Heard before ROSE, GOOD, DAY and PAINE, JJ., and LESLIE, District Judge.

DAY, J.

This is a suit in equity to foreclose a mortgage and distribute the proceeds of the sale. From a decree of foreclosure and a distribution of the proceeds, as sought by the plaintiffs, the defendants appeal.

The mortgage involved in this case was executed November 1, 1918, to John J. Darling, father of the principal parties hereto, and secured a note for $13,500. John J. Darling died August 23, 1921, a resident of Nance county, where his last will was probated in November, 1921, with the final decree being entered September, 1923, assigning the property of the estate in accordance with the will. The only property of the estate of interest to us is the $13,500 note and mortgage.

During the administration of the estate, all the children of John J. Darling, except Herbert Darling, signed a note for $3,600, payable to John H. Kemp, the proceeds of which were used to pay debts and a bequest to Herbert of $100 as provided by the will, and the $13,500 mortgage was assigned by them as collateral security for the loan. This loan has been almost paid and does not complicate this case, since all parties admit that his claim is superior to all others.

The plaintiffs, John M. Darling, Carrie M. Gress, Anna Pearl Gress and Hattie E. Cooper, allege in their petition that they entered into a written agreement between themselves and with Frank S. Darling, defendant, comprising all the heirs, devisees and legatees of John J. Darling, deceased, except Herbert, on the 10th day of November, 1921, to allow the will to be probated and thereafter to

divide and distribute the estate as to them by giving $500 each to Frank S. Darling and Hattie E. Cooper and dividing the remainder of the estate share and share alike to all of the heirs except Herbert, who was to get the bequest provided by the will. The defendant Frank S. Darling subsequently acquired and now owns the equity of redemption in the mortgaged property.

There was a written agreement entered into relative to the division of the property among the heirs. The preponderance of the evidence establishes the existence and terms of such an agreement. The agreement involved the interest of the five children, who are parties to this suit. Three of them, who were left small bequests by the will, testified as to the agreement. Hattie E. Cooper, a daughter, who with the son Frank S. Darling, was to share most of the estate, testified to the agreement. Her testimony was against her own personal interest. The attorney for the estate testified that he prepared the agreement; that the terms of the agreement were as alleged by plaintiffs; that it was signed by all the parties; that it was delivered to him and put away in his office; that he does not know where it is; that he has searched for it and he would say that it was lost. The defendant Frank S. Darling testified that there was an agreement, but it was not signed and the terms were not as claimed by the plaintiffs. However, his testimony is much weakened by the sworn property statement to the First National Bank of Fullerton, which was introduced in evidence. This was made February 3, 1930, and he stated therein that he had a "one-fifth interest in J. J. Darling, Est.," which is exactly his interest under the terms of the contract alleged by the plaintiffs. There is other testimony which is cumulative and corroborative which it is unnecessary to discuss in detail. It suffices to state that no other finding of fact would be possible except that the agreement was entered into as claimed by plaintiffs.

There was ample consideration for the agreement. Immediately upon the death of the father, John J. Darling,

the five children here involved met and the will was read to them. As heretofore stated, the will left comparatively small bequests to three of them and the bulk of the property to plaintiff Hattie E. Cooper and defendant Frank S. Darling. The plaintiffs, including Hattie E. Cooper, testify that there was dissatisfaction upon the part of her brother and two sisters who were left small bequests. There was some conversation about the competency of the father to make a will by reason of his mental condition at the time. Two of the children of the deceased discussed a contest of the will. The testimony is that the foregoing agreement was made as a settlement with the dissatisfied heirs. Even the defendant Frank S. Darling testifies that there was an agreement to divide the property in a manner different from the provisions of the will. There is no question presented here except whether or not the heirs at law and legatees under a will can settle their controversy, thereby avoiding litigation. Where there is opposition to the probate of a will, made in good faith, an agreement not to contest same is a valid consideration for a promise on the part of one interested in sustaining the will. *Grochowski v. Grochowski,* 77 Neb. 506; *In re Estate of Panko,* 83 Neb. 145. The defendant Frank S. Darling was interested in sustaining the will, the agreement gave him more than he would have received as an heir had the will been defeated, which was a sufficient consideration to render the contract valid.

Two other contentions of the appellants have not been overlooked. First, it is urged that the action is prematurely brought for the "plaintiffs have no right, title, interest, claim, or demand in, to, or against the mortgage or the proceeds to be derived therefrom, until after they have paid to Hattie E. Cooper and to Frank Darling each the sum of $500." Hattie E. Cooper is not complaining and appellant Frank S. Darling is not prejudiced thereby because the decree of the trial court awards him $500, as it also does Hattie E. Cooper, to be first paid from the proceeds. Secondly, as to the right of the plaintiffs to prose-

cute this action; they are the equitable owners of an undivided four-fifths and the defendant of an undivided one-fifth of this note and mortgage, subject to the payment of $500 to Hattie E. Cooper and $500 to Frank S. Darling in accordance with the agreement. In addition, the defendant Frank S. Darling is also the owner of the equity of redemption. All the parties to the agreement are parties to this suit. Who can question their right? Not the creditors of the estate because they have been paid; not the other beneficiaries under the will because their bequests have been paid; and not the defendant as owner of the equity of redemption because he bought it subject to the mortgage. There was a final settlement of the estate, the note and mortgage were delivered to the heirs, who (defendant Frank S. Darling included) assigned it as collateral for a loan. The defendant Frank S. Darling cannot complain in this respect because he was a party to the agreement and all the transactions relative thereto. The plaintiffs were proper parties to maintain the action. This view finds support in the following cases: *Walter v. Wala,* 10 Neb. 123, and *Plummer v. Park,* 62 Neb. 665.

As a résumé, we find that there was an agreement as to the division of the assets of the estate between the parties; that the contract was executed for the purpose of avoiding objections to the probate of the will, which constituted valid consideration therefor; that the suit was brought by the proper parties, and that equity and justice prevail in the judgment of the trial court, which should be and is

AFFIRMED.