MARY RHODES ET AL., APPELLEES, V. HARRY D. LEWIS ET AL., APPELLANTS.

287 N. W. 662

FILED SEPTEMBER 29, 1939. No. 30606.

*Fred S. Berry,* for appellants.

*Ross Amspoker* and *William M. Ely, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, MESSMORE and JOHNSEN, JJ., and LANDIS, District Judge.

LANDIS, District Judge.

This is an appeal from · a decree of foreclosure based upon the following instrument:

"Know all men by these presents:

"That we, Stillman O. Lewis, Frank A. Lewis, Harry D. Lewis, and Guy W. Lewis, sons of Ralph Lewis, deceased, and devisees under the will of said Lewis, and who are the devisees under the said will whereby they take title to the following described real estate situate in the county of Keya Paha and state of Nebraska (subject to the life estate of Emma A. Lewis) (description of land).

"And whereas the above named parties desire to make more ample provision for Mary Rhodes and Ernestine Runyan, sisters of the above named parties and devisees under the will of Ralph Lewis, deceased, and have agreed and do hereby agree and do hereby bind themselves and the above described land to pay to the said Mary Rhodes the sum of Fifteen Hundred and No/100 ($1,500) Dollars and to pay to the said Ernestine Runyan the sum of Fifteen Hundred and No/100 ($1,500) Dollars, at the time and in the manner hereinafter set forth, viz.: Within one year after the death of Emma A. Lewis, the life tenant under the will of said Ralph Lewis, Provided, however, five years have

elapsed from the date hereof. This provision made for said Mary Rhodes and Ernestine Runyan is in addition to the provision of the will of said Ralph Lewis, deceased.

"Dated April 15th, 1921."

The four grantors signed the instrument in the presence of witnesses, acknowledged the same before a notary public, and it was filed for record with the county clerk of Keya Paha county by the grantees.

Considering the conflicting testimony, admissions, exhibits and all the competent evidence, we find the record reflects that Ralph Lewis died testate March 7, 1921, leaving surviving his widow, two daughters, the plaintiffs and appellees, four sons, the grantors of the instrument in suit, as his heirs and devisees. March 22, 1921, Stillman O. Lewis filed a petition for probate of the will. April 15, 1921, Mary Rhodes, in good faith, filed objections to the will on the grounds of incompetency of her father to make a will, undue influence exerted by her brothers Stillman O. Lewis and Harry D. Lewis on their father, and that the will was not properly executed and attested.

The date for the hearing on the probate of the will was April 15, 1921, and on this date before the hearing the four brothers, the mother, the sister objecting to her father's will, the attorney for the estate and the attorney for the contestant met in the office of the attorney for the estate and discussed a settlement of their matters. Settlement was finally made, and in consideration of the withdrawal of the objections to probate of the will the instrument in suit was executed. The objections to the will were withdrawn from the files of the county court and the will admitted to probate. On July 1, 1921, the widow, as executrix, filed an inventory showing the real property to be 1,534.48 acres, valued at $29,089.60, and personal property at $15,-971.26.

On December 8, 1922, decree of distribution and final settlement in accordance with the will was entered by the county court. August 8, 1924, Stillman O. Lewis deeded to his three brothers his interest in the land. August 17, 1931,

Frank A. Lewis deeded his interest in the land to the two brothers Harry D. and Guy W. Lewis. This deed has included the recitation: "My undivided interest in and to the above described land, subject to contract of record in favor of Mary Rhodes and Ernestine Runyan."

Emma A. Lewis, the widow, died September 12, 1936, and the indebtedness evidenced and secured by the instrument in suit became due and payable September 12, 1937. Harry D. Lewis and Guy W. Lewis, the present owners of the real estate, defaulted in the payments provided for their sisters. No proceedings at law have been brought for the recovery of the debt and none of the same has been paid. From the decree of foreclosure in favor of the two sisters, plaintiffs, the two brothers, defendants, present owners, appeal.

All other defendants are eliminated by the decree below and have made no appeal. The real contentions of the appellants against the decree of foreclosure may be summed up in the following: First, the instrument sued upon is protected by the parol evidence rule, that it cannot be changed or varied by an oral agreement and made into an entirely new, inconsistent and contradictory instrument; second, even though not protected by the parol evidence rule, then the oral agreement leaves the instrument still without sufficient, valid, legal or enforceable consideration, and unenforceable.

The parol evidence rule is a salutary one for achieving its main object, namely, the preservation of the sanctity of contracts. It is a well-established rule of the common law, but through the years it has become rather limited in its effect, so much so that in fact it almost seems the presumption favors the admission of extrinsic evidence, under one of the numerous exceptions, rather than its exclusion.

The instrument in suit does not express any consideration. The recital therein of a desire to make more ample provision for the sisters is not a statement of consideration for the promise of the defendants, but rather one of motive and the result desired to be accomplished.

22 C. J. 1169, expressed the exception where consideration is not stated in the instrument, supported by many authorities: "Even though the instrument does not state any consideration or set forth what the consideration is, parol evidence may be admitted to show that there was a consideration, and of what it consisted, unless the instrument is of such a nature that the failure to express a consideration renders it void under the statute of frauds."

As part of chapter 36, Statute of Frauds, under article 4, "Conveyances to Defraud Creditors," is section 36-407, Comp. St. 1929, which seems by its terms to apply to the whole chapter.

"The consideration of any contract or agreement, required by the provisions of this chapter to be in writing, need not be set forth in the contract or agreement, or in the note or memorandum thereof, but may be proved by any other legal evidence."

Section 240, Restatement, Contracts, states: "(2) Where no consideration is stated in an integration (formal written contract), facts showing that there was a consideration and the nature of it, even if it was a promise, or any other facts that are sufficient to make a promise enforceable, are admissible in evidence and are operative." Cited in *Elvidge v. Brant,* 131 Neb. 1, 267 N. W. 169.

Here we are dealing with an instrument which is silent in so far as consideration is concerned. To show the actual consideration in this case does not vary or contradict the terms of a written document, and the instant instrument is not within the parol evidence rule, but is within the exception so far as showing the actual consideration of the same.

With the second contention of the appellants that the consideration for the contract shown by parol evidence leaves the instrument still without sufficient, valid, legal or enforceable consideration, we cannot agree. Mary Rhodes as daughter, heir of her father, had a legal right to contest his will. This right she exercised in good faith, and a settlement was made with the other heirs whereby she, for herself and her sister, waived, relinquished and withdrew the

objections to the will, in consideration of the instrument in suit.

By executing the settlement agreement, the appellants acknowledged that there might be reason for the contest, or at least that there was color for the objections to the will. The compromise of a doubtful right may be sufficient consideration for an agreement. That the consideration for the instrument in suit, as shown by parol evidence, is valid and enforceable finds support in *In re Estate of Shierman*, 129 Neb. 230, 261 N. W. 155, *Darling v. Darling*, 122 Neb. 153, 239 N. W. 727, *Lipps v. Panko*, 93 Neb. 469, 140 N. W. 761, and *Grochowski v. Grochowski*, 77 Neb. 506, 510, 109 N. W. 742, 112 N. W. 335.

It should be noted that the appellants accepted title to an undivided interest in the land herein subject to the instrument in suit. Appellants also waited until the will was probated and the estate finally distributed under the terms of the will, thereby accepting the benefits of the contract which they now seek to deny the validity of.

The decree of the trial court is correct, and is

AFFIRMED.