IN RE ESTATE OF CARRIE LEE.
OWEN R. TERRY, APPELLEE, v. MAUDE TERRY JOHNSON, APPELLANT.
290 N. W. 437

FILED FEBRUARY 16, 1940. No. 30718.

*Frank A. Peterson* and *George E. Hager,* for appellant.

*B. J. Cunningham,, H. G. Wellensiek, W. P. Lauritsen* and *Prince & Prince, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER and MESSMORE, JJ., and ELLIS and WENKE, District Judges.

WENKE, District Judge.

This is an appeal from the judgment of the district court for Hall county, on an appeal from an order of the county court of Hall county, granting to the appellee, Owen R. Terry, performance of the agreement entered into with the appellant, Maude Terry Johnson.

The facts in this case are as follows: Carrie Lee, a widow and resident of Hall county, died on August 18, 1936, and her will, dated June 24, 1936, was offered for probate by

the Grand Island Trust Company, executor named therein. Objections thereto were filed by Owen R. Terry and Henry G. Terry, nephews, and Harry M. Hollandsworth and Bertha Sprague, all beneficiaries in a prior will of the deceased dated November 7, 1935. After hearing, the will of June 24, 1936, was admitted to probate, and an appeal from the order of allowance thereof was made by the contestants to the district court for Hall county. On August 25, 1937, while said appeal was pending, Maude Terry Johnson, a niece, and a residuary beneficiary of the will of June 24, 1936, entered into an agreement with Owen R. Terry, a nephew and beneficiary of the prior will dated November 7, 1935, in regard to a settlement of the contest, which agreement will be hereinafter more fully referred to. Subsequent thereto, and pursuant to an order of the county court, the appellee filed a claim in the matter of the estate of Carrie Lee in the county court of Hall county on June 7, 1938, based on this agreement, to which the appellant and the executor of the estate filed answers, which claim was approved by the county court, and an appeal thereof taken to the district court. The judgment of the district court was for the appellee and enforced the agreement. This appeal is from the judgment of the district court.

The appellant's first contention is that the county court was without jurisdiction to hear the claim of appellee, for the reasons that the agreement involved the title to real estate, and that it involved more than $1,000, and therefore such action should have been brought in the district court.

This action is for the specific performance of an agreement entered into between the appellee, as beneficiary under the prior will of the testatrix, and the appellant, as an heir at law and a residuary beneficiary under the will offered and allowed for probate, to settle the contest of the latter will, to dismiss the appeal and to have said will finally allowed and approved, and in consideration thereof to provide for the distribution of the share of the residuary beneficiary under this latter will. That such an action for the specific performance thereof is within the general equitable

powers of the county court under the Constitution and statutory provisions granting it exclusive jurisdiction of the settlement of estates of deceased persons, and not within the original jurisdiction of the district court, has been previously determined by this court in the case of *Genau v. Roderick,* 4 Neb. (Unof.) 436, 94 N. W. 523, Pound, C., and approved in the case *In re Estate of Shierman,* 129 Neb. 230, 261 N. W. 155, wherein the court said: "The district court has no original jurisdiction of a suit in equity for specific performance of a contract entered into by the heirs at law and next of kin of a testator, for the purpose of settling a will contest. * * * The Constitution gives the county court 'original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointment of guardians, and settlement of their accounts.' * * * The statutes provide that its original jurisdiction in these matters shall be exclusive. * * * As to such matters, the county court is a court of general jurisdiction. *Lydick v. Chaney,* 64 Neb. 288. It has full and complete equity powers as to all subjects within its exclusive jurisdiction. *Williams v. Miles,* 63 Neb. 859."

The agreement in this suit involves the settlement of a will contest and the distribution of a residuary beneficiary's share and comes within the purview of the statutory and constitutional provisions as to the jurisdiction of the county court, granting it exclusive jurisdiction in the settlement of estates of deceased persons.

It is the further contention of the appellant that the agreement of August 25, 1937, entered into between the appellee and appellant, is, in fact, an option offering to the appellee a one-half interest of the appellant's residuary share of the estate of Carrie Lee, deceased, provided that within ninety days from the date thereof the appellee secure a dismissal of the appeal of the contest of the will dated June 24, 1936, in which appellant is a residuary beneficiary, and that the will be admitted to probate and that the time for appeal pass, and because the dismissal filed November 22, 1937, by the appellee was insufficient to dis-

miss the appeal and time being the essence of the option, the option is automatically withdrawn and therefore the enforcement of the agreement should be denied.

From a careful study of the terms of the agreement and from the conduct of the parties subsequent thereto, as shown by the application for continuance filed October 16, 1937, by the contestants, and by the filing of the dismissal within the ninety days, it is apparent that the parties treated the agreement as an optional offer to be accepted by the appellee within the time therein specified, and the court finds that it was an option agreement. The dismissal of November 22, 1937, filed by the appellee for the purpose of accepting the offer under the provisions of the agreement was insufficient to dismiss the appeal of the contest of the will as to all contestants and therefore not in accordance with the terms of the agreement. Since an acceptance of an option must be strictly in accordance with the terms thereof, the question is whether or not the appellant, or optionor, under the facts herein established, is estopped to claim that the acceptance was not in accordance with the terms of the agreement. The facts disclose that after the time for acceptance of the option and subsequent to the dismissal filed on November 22, 1937, which was within the ninety days provided in the agreement, a copy of which was sent to and received by the attorneys, Prince & Prince, named in the agreement to approve the form of the dismissal, W. A. Prince, a member of that firm, in the fore part of February, 1938, at the opening of a term of the district court for Hall county, objected to Mr. Cunningham, counsel for all the contestants, as to the form of the dismissal being insufficient to dismiss the appeal. In reply thereto, and on February 24, 1938, Mr. Cunningham wrote to Prince & Prince suggesting that, since they were named in the agreement to approve the form of the dismissal of the appeal, they draft a dismissal for that purpose. In reply thereto, and on March 1, 1938, the firm of Prince & Prince wrote to Mr. Cunningham what would be required in order to properly dismiss the appeal, and asking that he give the matter his immediate attention

and advise what his intentions were in reference thereto. On March 8, 1938, in open court, W. A. Prince of the firm of Prince & Prince being present, and demanding an unconditional dismissal so that no question could be subsequently raised that compliance with the contract had not been made, the appeal was dismissed without qualifications as to all of the contestants and the will of June 24, 1936, in which the appellant was a residuary beneficiary, was thereafter admitted to probate in the county court and the time for appeal therefrom has passed, and all the requirements of the acceptance of the optional offer have been complied with. During this time the appellant had done nothing to change her position in regard thereto.

It was provided in appellant's optional offer that the firm of Prince & Prince was to approve the form of dismissal of the appeal, and they, although under no obligation to do so, have acted with reference thereto. The optionee, acting in response to these objections as to the sufficiency of the dismissal, and complying with the requirements of the firm of Prince & Prince as to the form thereof by unconditionally dismissing the appeal in open court as to all contestants, has thereby parted with a right to have a trial of the contest of the will under which the appellant is a residuary beneficiary. This situation has become possible through the provisions of the option agreement making Prince & Prince the parties to approve the form of the acceptance, which responsibility they assumed. Since this provision was part of the option offered by the appellant herein, and this provision being for her protection and benefit, and she having received the benefit thereof, we believe that the doctrine of estoppel should apply.

·An estoppel arises from the conduct of a party and may be predicated upon silence or omission as well as upon written words. "Its foundation is justice and good conscience. Its object is to prevent the unconscientious and inequitable assertion or enforcement of claims or rights which might have existed or been enforceable by other rules of the law, unless prevented by the estoppel; and its practical effect is,

from motives of equity and fair dealing, to create and vest opposing rights in the party who obtains the benefit of the estoppel." 2 Pomeroy, Equity Jurisprudence (4th ed.) sec. 802, cited in *Brisbin v. E. L. Oliver Lodge No. 335*, 134 Neb. 517, 279 N. W. 277. "The doctrine of equitable estoppel is frequently applied to transactions in which it is found that it would be unconscionable to permit a person to maintain a position inconsistent with one in which he has acquiesced or of which he has accepted a'ny benefit." 10 R. C. L. 694, sec. 22, cited in *Brisbin v. E. L. Oliver Lodge No. 335, supra.* "The doctrine of equitable estoppel, or estoppel *in pais,* is that a party may be precluded by his acts or conduct from asserting a right to the detriment or prejudice of another party who, entitled to rely on such conduct, has acted upon it." *Draper v. Oswego County Fire Relief Ass'n,* 190 N. Y. 12, 82 N. E. 755. "An estoppel by matter *in pais* may be defined as an express or implied admission become indisputable by reason of the circumstance that the party claiming the benefit of it has, while acting in good faith and in accordance with the real or presumed assent of the other party, been induced by it to change his position. And the parties may have been equally innocent in effecting this change of position or they may not have been equally innocent." *Rea v. Pierson,* 114 Neb. 173, 206 N. W. 760.

When, as in this case, the appellant has in her optional agreement provided for certain counsel to approve the form of the instrument by which the appellee is to accept and perform the option by dismissal of the appeal of the will contest in the district court, and when acceptance thereof is made within the time provided in the option and copy thereof sent to counsel for approval, but when the form of the dismissal is insufficient to dismiss the appeal as to all of the contestants, and when, subsequent thereto, and after the time fixed in the agreement for acceptance, counsel designated in the agreement to approve the form of the dismissal act with reference thereto and object to the sufficiency thereof, and thereafter, before the appellant has done anything to change her position with reference thereto and

within a reasonable time, appellee, in the presence of, by the requirement of and with the approval of such counsel in open court, enters an unqualified dismissal as to all contestants, and as a result the appellee and contestants lose their rights to contest the will and the will is thereafter admitted to probate in the county court and the time for appeal passes and the appellant receives all of the benefits provided for in the agreement, under such facts we think the principle of estoppel applies and the appellant is estopped to assert that acceptance thereof has not been made within the time provided by the agreement, and the appellee is entitled to the performance thereof.

The judgment of the district court is therefore

AFFIRMED.