IN RE ESTATE OF DAN F. DONLEN.
MARY SIMPKINS, APPELLANT, V. ALTA DONLEN, GUARDIAN, ET AL., APPELLEES.

16 N. W. 2d 731

FILED DECEMBER 8, 1944.   No. 31808.

*E. J. McCarthy* and *W. V. Steuteville,* for appellant.

*Griffin & Griffin* and *John E. Newton, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL and WENKE, JJ.

PAINE, J.

This is an appeal from the disallowance of a claim filed against the estate of Dan F. Donlen, incompetent, deceased, by Mary Simpkins, his sister. The trial court found for the estate, and claimant appeals.

The facts, as disclosed by the record, show that Catherine Frazier died March 11, 1936, leaving a last will and testament, duly executed by her on April 25, 1921. This will left specific legacies to many of her close relatives. The residuary clause in this will gave all of the remainder of her real and personal property to her brother, Daniel Donlen, whom she named as executor of her estate.

On March 17, 1936, Dan Donlen filed petition to probate the estate of said Catherine Frazier, who had died at Ponca in Dixon county, setting forth that she died possessed of real estate of the value of about $2,000 and personal property of the estimated value of $8,000. The hearing on the probate of this will was set for April 4, 1936.

Mary Simpkins, a sister of the deceased, filed objections to the probate of the will. The evidence shows that on said April 4, 1936, the contesting parties undertook to settle the dispute without a contest of the will.

The evidence of F. B. Hurley, the attorney for the estate, was that he went to the office of E. J. McCarthy, the attorney for Mary Simpkins, to attempt an adjustment of the dispute. At that time McCarthy is alleged to have offered to accept one-half of the residuary estate for his client and to permit the will to be probated. McCarthy con-

tends that the agreement was to be reduced to writing, submitted to the parties for signature, and, if signed, to be filed as a stipulation in the estate of Catherine Fraser, deceased. These formalities were never completed.

Several hours therafter objections were filed for Mary Simpkins by her attorney, Mr. McCarthy, to the allowance of said will, on the ground that said instrument was not executed as required by law, nor properly attested, and that said instrument was executed by Catherine Frazier when she was incapable, by reason of physical infirmities and old age, to understand what she was making, or to make a will.

Thereafter on the same day, April 4, 1936, the county court overruled said objections of Mary Simpkins and admitted the last will and testament of Catherine Frazier to probate.

Upon renunciation in open court by Dan Donlen, the executor named in the will, the county court appointed Owen McQuillan of Ponca as administrator with will annexed. On December 5, 1936, the final account of Owen McQuillan, administrator, was approved, showing that seven United States government bonds, in the amount of $4,200, and cash in the sum of $1,859.98 had been duly assigned to Daniel Donlen as provided in the residuary clause of said will.

The record shows that in April, 1938, Dan F. Donlen died, but that shortly before his death Mary Simpkins filed a claim against the estate of Dan F. Donlen, he being at that time under guardianship as an incompetent person, the claim being based on the purported agreement entered into by attorneys Hurley and McCarthy on April 4, 1936. From an adverse ruling, Mary Simpkins appealed to the district court.

Alta Donlen, having been appointed guardian of the estate of Dan F. Donlen, incompetent, filed an answer to the petition of Mary Simpkins, in which she denied each and every allegation contained in said petition. She specifically denied that any such arrangement or agreement with Mary Simpkins as set out was ever made. She further alleged

that, at the time claimant asserted that such agreement was made with Dan F. Donlen, he was mentally incompetent to enter into such an agreement, or to understand the nature thereof.

Claimant filed reply, denying each and every allegation of new matter in the answer, and alleging that the estate of Dan F. Donlen, incompetent, was estopped from urging his incompetency on April 4, 1936, by reason of the fact that, because of agreement entered into between Mary Simpkins and Dan F. Donlen, claimant was prevailed upon to desist from contesting the will of Catherine Frazier.

The case went to trial before District Judge Ryan and a jury, and the verdict of the jury was for the defendant. Judgment was entered thereon that the defendant, Alta Donlen, guardian of Dan F. Donlen, have judgment for costs against claimant Mary Simpkins.

On July 2, 1940, Judge Ryan sustained the motion for a new trial. On May 7, 1941, the counsel waived a jury and tried the cause to District Judge Frum upon the record of the former trial. Judgment was entered, finding that the claim of claimant Mary Simpkins against the estate of Dan F. Donlen, an incompetent person, should be disallowed and her petition dismissed, and that defendant should have judgment for costs, from which judgment claimant appealed to this court.

The claimant assigns as errors that the judgment is not sustained by sufficient evidence, and that it is contrary to the evidence and the law.

County courts under the Constitution (Const., art. V, sec. 16) have original jurisdiction in all matters of probate and settlement of the estates of deceased persons. See *In re Estate of Shierman,* 129 Neb. 230, 261 N. W. 155; *In re Estate of Lee,* 137 Neb. 567, 290 N. W. 437.

The claimant insists that agreements for a family settlement of an estate are not contrary to public policy, are enforceable, and the compromise of a doubtful right may be sufficient consideration for such an agreement. See *Rhodes*

*v. Lewis*, 136 Neb. 870, 287 N. W. 662; *Darling v. Darling*, 122 Neb. 153, 239 N. W. 727.

The burden of proving such an agreement, however, rests upon the claimant in the case at bar. The evidence indicates that a tentative oral understanding was had between the parties. The evidence also shows that it was the understanding of the parties that such oral tentative agreement was to be reduced to writing, submitted to the parties for signature and, if signed, filed as a stipulation in the pending proceeding. This was not done.

The district court, after hearing the evidence, evidently concluded that these were conditions precedent to a valid agreement, and, not having been complied with, no valid agreement was made. There is ample evidence in the record to sustain this finding.

The rule is that, when a jury is waived, this court accords to a finding of fact by the trial court, when there is sufficient evidence to support it, the same weight and credence, and the court indulges the same presumptions in favor thereof, as it would in favor of the verdict of a jury rendered on the same evidence.

Under this rule of law, we think the finding of the trial court in the case at bar is conclusive upon this court, as such a finding should only be disturbed when it is clearly wrong. See *Fox v. Carman*, 139 Neb. 34, 296 N. W. 343.

This conclusion makes further discussion of the errors assigned for reversal unnecessary, and the judgment of the trial court is hereby affirmed.

AFFIRMED.